(No. 11965.—Judgment affirmed.)

THE PEOPLE *ex rel.* Maclay Hoyne, Appellant, *vs.* W. W. GRANT *et al.* Appellees.

*Opinion filed April 17, 1918.*

1. CORPORATIONS—*representative body of a corporation not for profit may elect trustees at meetings outside the State.* A corporation not organized for profit may hold meetings at stated times outside the State, composed of delegates of constituent associations, and it is not in conflict with the constitution or statutes for the by-laws of such corporation to authorize the election of trustees of the corporation at such meetings of the delegates.

2. CERTIORARI—*when denial of writ of certiorari is not res judicata on a second appeal.* The denial by the Supreme Court of a writ of *certiorari* to review a judgment of the Appellate Court ordering the awarding of a writ of *mandamus* to compel a State's attorney to file an information in the nature of *quo warranto* is not *res judicata* on a second appeal involving a determination of the merits of the case after the information has been filed and dismissed on demurrer.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

MACLAY HOYNE, State's Attorney, (SEYMOUR STEDMAN, CHARLES H. SOELKE, and SWAN M. JOHNSON, of counsel,) for appellant.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county sustaining a demurrer to and dismissing an information in the nature of *quo warranto* to oust the defendants to the information from the office of trustees of the American Medical Association, a corporation not for pecuniary profit, organized under the laws of Illinois in 1897. The Appellate Court granted a certificate of importance, upon which the case is brought to this court by appeal.

The question raised and upon which we are asked to pass is the right of a corporation not for pecuniary profit, organized under the laws of the State of Illinois, to adopt a constitution or by-laws by which the members of the association can be deprived of the right to vote for the election of trustees, and which permit or authorize the election of a board of trustees outside the boundaries of the State of Illinois.

Articles 3 and 4 of the by-laws are as follows:

"Article 3. *Membership.*—The membership of this association shall consist of such members of the constituent associations and of such medical officers of the army, of the navy and of the United States public health and marine hospital service as shall make application in accordance with the by-laws hereinafter provided.

"Article 4. *Constituent associations.*—State and territorial medical associations which have or which hereafter may become organized in accordance with the general plan of organization of the American Medical Association and * * * declare allegiance to the formation and the perpetuation of the house of delegates of the American Medical Association shall be recognized as constituent associations," etc.

Section 1 of article 5 provides that the business body shall be known as the "House of Delegates" and consist

of delegates elected by constituent associations, by the scientific sections of American medical associations, from the medical departments of the army and the navy, and from the United States public health and marine hospital service, and that the house of delegates shall represent the delegated powers and shall be the national representative body of the constituent associations. The membership of the house of delegates was not to exceed 150.

The information was filed on the relation of Dr. G. Frank Lydston, who alleged in his petition, upon which the information was filed, that he is a member in good standing of the Chicago Medical Society, which is a constituent association of the American Medical Association, and is also a member of the latter association. The information alleges that the by-laws of the American Medical Association provide for the election of delegates to the national house of delegates, which house of delegates shall elect three trustees each year, "at such place in such city and State as such house of delegates might assemble." The information alleges the American Medical Association had no authority, under its charter or the laws of the State, to adopt a constitution or by-laws by which the members of the association may be deprived of the right to vote for the election of trustees or which authorize the election of trustees outside of the State. It is then alleged that certain of the trustees were elected by the house of delegates at Minneapolis, Minnesota, certain of them at Atlantic City, New Jersey, and certain of them at San Francisco, California, and that they were not lawfully elected and are usurpers of said office of trustees.

If the law governing the conduct of corporations organized for pecuniary profit in this State applies also to corporations organized not for pecuniary profit, it would have to be held that a meeting of the officers or directors held outside of the State and the election of trustees by delegates to such a meeting would be unlawful and the action

void unless previously authorized or subsequently ratified. The first twenty-eight sections of the chapter of our statutes entitled "Corporations" relate to corporations organized for pecuniary profit. No provision of that part of the chapter relating to corporations organized for pecuniary profit contains any intimation of any right of a corporation to hold meetings beyond the limits of the State except section 20, which permits a meeting to be held beyond the limits of the State where the meeting was authorized or the action taken at such meeting ratified by a vote of two-thirds of the directors, trustees, or officers corresponding to trustees, at a regular meeting. When a meeting is held outside the State by the corporate officers without being previously authorized or subsequently ratified, as required by section· 20, the action of the officers will be void, but where the meeting outside was authorized or afterwards ratified, the action of the corporation is as valid as if taken or had within the State. (*Place* v. *People,* 192 Ill. 160.) Sections 29 to 34, inclusive, of the chapter on corporations apply to corporations not organized for pecuniary profit. Section 32 provides that corporations not for pecuniary profit may elect trustees, directors or managers "in such manner, at such times and places, and for such periods, as may be provided by the certificate of incorporation, or in case such certificate does not contain such provisions, then as may be provided by the by-laws, which trustees, directors or managers shall have the control and management of the affairs and funds of the corporation, society or association." Here the by-laws provided the manner in which trustees should be elected, namely, by the house of delegates selected by the constituent associations, and provided that the times and places of such election should be fixed and determined by the house of delegates, subject, however, to change by the unanimous action of the board of trustees at any time prior to two months of the time selected for the session. "The annual session may be held at any place in the United

States." Pursuant to its by-laws the American Medical Association, at meetings held in the States of New Jersey, Minnesota and California, elected the trustees made defendants to the information.

The statutes relating to the control and conduct of corporations organized for pecuniary profit and those relating to the control and conduct of corporations organized not for pecuniary profit are not the same, (*Santa Clara Female Academy* v. *Sullivan,* 116 Ill. 375,) and the reasons for their being different are very apparent. Corporations not for pecuniary profit have no capital stock and pay no dividends. Many of them have constituent associations (as is the case with the American Medical Association) throughout the various States of the Union and hold national meetings at stated times, composed of representatives selected by the constitutent associations. The life and success of such corporations depend upon their being able to hold, and in holding, meetings and transacting business at various places selected throughout the United States. The reasons and the necessity for applying a different rule with respect to the places of holding meetings by corporations organized not for pecuniary profit and corporations organized for profit were very fully stated in *Derry Council* v. *State Council Junior Order United American Mechanics,* 197 Pa. St. 413; 80 Am. St. Rep. 838.

It seems reasonably to follow that if a corporation not organized for pecuniary profit may hold meetings at stated times outside of the State of Illinois, composed of delegates selected by the constituent associations, for the transaction of the business of the corporation, it is not unlawful to authorize and provide for the election by said house of delegates of trustees of the corporation. The American Medical Association was organized solely for the purpose of the advancement of medical science. Its purpose was to improve methods for the treatment and prevention of diseases of the human race. Its usefulness for these purposes

would be seriously interfered with, if not absolutely destroyed, if it could not provide for the election of trustees from the most efficient men in the association throughout the United States, by delegates selected by the constituent associations from the various States in the Union. Such authority to the house of delegates is conferred by the by-laws and is not in conflict with or prohibited by the constitution or laws of Illinois relating to corporations not for pecuniary profit. (Hurd's Stat. 1917, chap. 32, sec. 32.)

One question not insisted on in this court but which was urged in the Appellate Court and is extensively treated in the opinion of that court we think should be referred to here. When the relator, Dr. Lydston, presented a petition to the State's attorney of Cook county for leave to file an information in the nature of *quo warranto* and requested the State's attorney to file the information the request was refused. Thereupon the relator filed a petition in the circuit court for a writ of *mandamus* to compel the State's attorney to sign a petition for leave to file the information. A demurrer was sustained to the petition by the circuit court and the petition dismissed. Relator appealed to the Appellate Court for the First District, which court in its final judgment reversed the decision of the circuit court and remanded the cause to that court. The Appellate Court in its opinion treats the entire merits of the controversy the same as if the information had been filed, and expresses the view that the corporation had no authority to elect trustees outside the State and that the house of delegates could not lawfully elect trustees. When the case was re-instated in the circuit court the demurrer was overruled in obedience to the mandate of the Appellate Court and a judgment entered awarding the peremptory writ of *mandamus* against the State's attorney. The Appellate Court, on appeal, affirmed that judgment for the reason it considered the previous decision and judgment of the Appellate Court conclusive upon the Appellate Court on this second appeal. The

appellant presented to this court a petition for a writ of *certiorari,* which was denied, and thereafter, in obedience to the writ of *mandamus,* the State's attorney signed the petition and filed the information, and the question presented in this case is the sufficiency of the information. The question raised in the Appellate Court but not insisted upon here is that the denial of the writ of *certiorari* by this court amounted to an affirmance of the judgment of the Appellate Court, is *res judicata* and conclusive upon this court.

The case before the Appellate Court on a petition for *mandamus* was a different case and the parties to it were different parties from the case and parties here before us. In the *mandamus* case it was sought to compel the State's attorney to sign the petition for leave to file, and to file, the information. If the petition made a *prima facie* showing of a proper case it was the duty of the State's attorney to sign it, and the merits of the question would be determined upon the information when filed, in which case those whose rights were attacked would have an opportunity to be heard. The real question, therefore, presented to the Appellate Court for determination was whether the petition for leave to file the information made such *prima facie* showing that the State's attorney should have signed it and presented it. The denial of the writ of *certiorari* therefore meant nothing more than that we approved the conclusion of the Appellate Court that the State's attorney should have signed and presented the petition. It did not mean that we approved the reasons set out in the opinion of that court and its determination of the merits of the case and of the rights of the parties to be affected by the information when filed. (*Soden* v. *Claney,* 269 Ill. 98.) Until the information was filed the parties defendant to it had no right to be heard or to present their defense. They were not parties to the *mandamus* proceeding.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*