In the Matter of the Application of EDWARD P. GEORGE, Pursuant to Section 32, General Corporation Law, to Review and Set Aside the Election of Directors of the HOLSTEIN-FRIESIAN ASSOCIATION OF AMERICA.

HOLSTEIN-FRIESIAN ASSOCIATION OF AMERICA and Others, Appellants; EDWARD P. GEORGE, Respondent.

Fourth Department, May 2, 1923.

Corporations — membership corporations — meetings for election of directors may be held outside State — amendment of by-laws increasing number of directors, passed in 1919, is valid though certificate thereof is filed under Membership Corporations Law, § 14, as amended by Laws of 1921, chapter 577 — petitioner cannot now question regularity of elections of directors prior to filing of said certificate.

The meetings of the members of a membership corporation for the purpose of election of directors are not required to be held within this State, but may be held elsewhere at the convenience of the members.

An amendment to the by-laws of a membership corporation increasing the number of directors, which was adopted in 1919, at which time the certificate thereof under section 14 of the Membership Corporations Law was required to be executed by a majority of the directors who were such at the time the resolution was adopted, is valid, where the certificate, executed by the president and secretary of the meeting, in compliance with section 14, as amended by chapter 577 of the Laws of 1921, is properly filed. The resolution increasing the number of directors became effective at the time of its filing.

The petitioner cannot now question the regularity of the elections in the years 1919–1921, which were held before a legal certificate as to the increase in the number of directors was filed, since he was present by proxy at the 1921 meeting and has lost his right to question the legality of the prior meetings by lapse of time.

APPEAL by the Holstein-Friesian Association of America and others from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 15th day of February, 1923, directing that a new election of six directors of said association be held within the State of New York under the supervision of the Supreme Court.

*Nathan L. Miller, O. U. Kellogg, L. L. Babcock* and *C. M. Horn,* for the appellants.

*Frank C. Laughlin, Henry W. Killeen* and *John A. Kelly,* for the respondent.

SEARS, J.:

The Holstein-Friesian Association of America is a membership corporation. It was originally incorporated under a special act (Laws of 1885, chap. 333) and was thereafter reincorporated under the Membership Corporations Law in 1914.

The respondent has brought this proceeding under section 32 of the General Corporation Law complaining of an election of directors. The original certificate of incorporation provided that the number of directors should be six. This number was increased by a resolution adopted at a meeting in Chicago in 1914, but no certificate as required by section 14 of the Membership Corporations Law was ever filed, but in 1919 at a meeting in Philadelphia the by-laws were amended to increase the number of directors to sixteen. Following this meeting and during the same month, a certificate was made and later filed, as required by section 14 of the Membership Corporations Law, in the offices mentioned in section 5 of the General Corporation Law (as amd. by Laws of 1913, chap. 479),* but this certificate was ineffective because a majority of the directors who were such at the time the resolution was adopted did not sign the same. An amendment of section 14 of the Membership Corporations Law (Laws of 1921, chap. 577) became effective May 5, 1921, providing that such a certificate should be filed by the president and secretary of the meeting. Thereafter the president and secretary of the association, who were also president and secretary of the Philadelphia meeting, filed such a certificate.

The contention of the respondent rests on the correctness of two fundamental propositions. The first is that meetings of this corporation cannot be held outside of the State of New York without specific statutory authorization. This claim is based upon the principle laid down in *Ormsby* v. *Vermont Copper Mining Company* (56 N. Y. 623). Although it is stated in the report of that case that it is " the settled law of corporations [that] neither stockholders nor directors can do a corporate act, out of the jurisdiction creating the corporation, which shall have any force to bind those who do not participate in it," we must interpret this language in the light of the facts there before the court. That was a stock corporation organized for profit, presumably local in its membership. We know of no facts which there made it expedient to hold the meetings outside of the State of its incorporation.

Here we have an association not organized for profit, having a vast and scattered membership; its business to be done throughout the United States as stated in its certificate of incorporation; its officers residing in different States. The reason for the rule of the *Ormsby* case would seem to fail, and we are of the opinion that the principle of that case should be confined to stock corporations, and so it has been held in other States where the question has arisen. (*Derry Council* v. *State Council Junior Order United*

---

* Since amd. by Laws of 1921, chap. 131.— [REP.

*American Mechanics,* 197 Penn. St. 413; *Sovereign Camp Woodmen of the World* v. *Fraley,* 94 Tex. 200; *Woodmen of the World* v. *Woods,* 34 Colo. 1; *People ex rel. Hoyne* v. *Grant,* 283 Ill. 391.)

And the same view has been expressed by text-book writers. (Taylor Priv. Corp. [5th ed.] part V, §§ 381, 382; Morawetz Priv. Corp. [2d ed.] § 488; 19 R. C. L. 1303; 27 Yale L. J. 1078, 1079.)

The interests of the members of this corporation, as well as the purpose for which it is incorporated, make desirable, if they do not require, meetings at different places throughout the country convenient for the large membership, and we, therefore, deem the objection not well founded.

Moreover we may well take notice of the great number of incorporated professional, fraternal and social bodies of national scope and importance which have come into existence almost without exception since the *Ormsby* case was decided in 1874. The successful conduct of these bodies necessitates meetings in different States.  We are to-day confronted with a situation which did not exist in 1874 and could scarcely have been foreseen.  The existing conditions thus impel us toward the same conclusion.

The other proposition of the respondent is that the amendment of the by-laws increasing the number of directors adopted at the Philadelphia meeting of 1919 is invalid because of the failure to file the certificate in accordance with the provisions of the statute as it then existed, and that this defect has not been corrected by the filing of the certificate in 1921 in the form authorized by the amendment of the law effective May 5, 1921.  The amendment of section 14 of the Membership Corporations Law by chapter 577 of the Laws of 1921 does not validate previous action but permits certificates thereafter filed to be signed by the president and secretary of the meeting instead of by a majority of the directors.  It is not confined to meetings thereafter held but only to certificates thereafter filed.  The resolution adopted at the Philadelphia meeting, therefore, became effective when this certificate was filed. This was in September, 1921, before the Kansas City meeting, and the election held in Kansas City in 1921 was not invalid for the reasons stated.

There may be a question as to the regularity of the elections at Syracuse in 1921, at St. Paul in 1920, or in Philadelphia in 1919 (*Lewis* v. *Matthews,* 161 App. Div. 107), which were held before the legal certificate as to the increase in the number of directors adopted at the Philadelphia meeting was filed in the proper offices, but in view of the fact that the petitioner was represented by proxy at the Syracuse meeting and made no objection, and in view of the length of time which has elapsed, we are of the

opinion that petitioner cannot now be heard to question these elections.

The order should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.