CAMMILLIA P. HARRIS *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF DIRECTORS OF COMMUNITY HOSPITAL OF EVANSTON *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-523

Opinion filed November 29, 1977.

Lennie Bass, of Bristow, Bass & Johnson, of Chicago, for appellants.

Leo E. Holt and Raymond Pijan, both of Chicago, for appellees.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Plaintiffs, members of the Community Hospital of Evanston (hereinafter "the members"), commenced this action to remove the defendants, who are members of the Board of Directors of the hospital (hereinafter "the Board"). The hospital is a not-for-profit corporation.

Under the provisions of the bylaws of the hospital, a meeting of the members was to be held annually on a day in January or February. During such meeting, eight directors were to be elected for a period of three years by the members voting in person or by proxy. The 24 directors were divided into three classes of eight members, the three year term of one class expiring each year. The elected Board members were also to manage and control the affairs of the hospital. Pursuant to growing disagreement and resentment between some of the members and the Board, these members sent out a notice on December 31, 1974, calling a meeting on January 14, 1975, stating that their general purpose was among other reasons "to remove the Board members."

In response to this notification, the Board distributed a letter dated January 8, 1975, to all of the members of the hospital, explaining that the Board was engaged in extensive hearings on a personnel matter and therefore could not prepare for or attend the meeting of January 14, 1975. The Board further advised the members that under Illinois law, the members could not remove the Board of Directors whether or not the Board was present at such a meeting. Notice was also given at this time that the annual membership meeting would be held on March 28, 1975.

Despite the above correspondence, the January 14, 1975, meeting was

held and resulted in a resolution that the Board should show cause why it should not be removed, and it was also resolved that all power and control of the Board should be subject to approval of the members. The president of the Board, in a letter to the dissident members dated January 24, 1975, stated that the so-called "removal" resolution was illegal, but did acknowledge that the Board was anxious to meet with the members at a mutually agreed upon time.

Subsequently, the president of the Board drafted a response to the removal resolution, reiterating the Board's legal position, while emphasizing that a number of Board members were never given notice of the January 14, 1975, meeting as required by the bylaws.

On February 10, 1975, the Board of Directors amended the corporate bylaws to disallow proxy voting, limit the vote of corporate members and to permit the Board of Directors to elect its own membership.

Another meeting was called on February 28, 1975, by the members, and at that time it was decided to permanently remove the Board of Directors, and in their place a disputed "interim board" was elected. The original Board of Directors, however, continued in its refusal to recognize the removal resolution.

Pursuant to a second notice to all members on March 17, 1975, the annual members meeting commenced on March 27, 1975, and abruptly adjourned over a dispute regarding who were to be the members of the legal Board of Directors. Shortly thereafter, plaintiffs commenced this action to remove the Board of Directors. Following a full hearing, the circuit court of Cook County resolved the issue in favor of the defendants Board of Directors and decreed that the cause be dismissed. Plaintiffs prosecute this appeal, contending that the February 10, 1975, amendments to the bylaws are invalid.

■■ In making its determination, the trial court first referred to the by-laws of the hospital, and specifically article XI, which states as follows:

### AMENDMENTS

"These by-laws may be altered, amended or repealed and new by-laws may be adopted by the affirmative vote of two-thirds (2/3) of the members of the Board of Directors present at any regular or special meeting, provided that the proposed alteration, amendment, action for repeal or form of new by-laws is submitted in writing to each Director at least five (5) days prior to the meeting at which the same is to be considered."

The trial court correctly concluded that the aforementioned bylaw provision places the exclusive power to amend the by-laws in the Board of Directors. Section 9 of the General Not for Profit Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 163a8) provides "* * * The power to alter,

amend or repeal the by-laws or adopt new by-laws shall be vested in the board of directors unless otherwise provided in the articles of incorporation or the by-laws. * * *"

There is no provision, either in the bylaws or articles of incorporation of the hospital, that concerns amendments to the bylaws, other than the aforementioned article XI. A further study of bylaws discloses that not less than fifteen members could call a special meeting; however, the bylaws do not authorize the members to remove directors by way of resolution at such meetings.

In *Westlake Hospital Association v. Blix* (1958), 13 Ill. 2d 183, 148 N.E.2d 471, *appeal dismissed* (1958), 358 U.S. 43, 3 L. Ed. 2d 43, 79 S. Ct. 44, our supreme court was confronted with a similar factual situation and the determination as to which group of directors and which set of bylaws constituted the legal board of directors and bylaws of the Westlake Hospital Association, a not-for-profit corporation. The bylaw provision dealing with amendments to the bylaws was very similar to that in the case at bar and provided for amendment by a majority vote of the board of directors.

The court, in reversing the trial court and ruling in favor of the original board of directors and against the members, stated as follows:

> "* * * We find neither a constitutional right in the members to vote for directors, nor a constitutional prohibition of the staggered election of directors, in that not-for-profit corporations are not governed by the constitutional mandate of section 3 of Article XI of the Illinois constitution of 1870. *American Aberdeen-Angus Breeders' Ass'n v. Fullerton*, 325 Ill. 323; cf. *Wolfson v. Avery*, 6 Ill. 2d 78.
>
> * * *
>
> It is well established in this State that the right of members of a not-for-profit corporation to vote is not constitutionally protected. (*American Aberdeen-Angus Breeders' Association v. Fullerton*, 325 Ill. 323, 329 and 330; *People ex rel. Hoyne v. Grant*, 283 Ill. 391.) Since the State, through the legislature, retained the right to amend the statutes, and the corporation, pursuant to statute, reserved the power to amend its bylaws, and the right of members of a charitable corporation to vote is not constitutionally protected, it follows that the amendments in issue did not deprive plaintiffs of their constitutional rights." *Westlake Hospital Association v. Blix* (1958), 13 Ill. 2d 183, 191-92, 196.

Section 3 of article XI of the Illinois constitution of 1870 (Ill. Const. 1870, art. XI, §3) has been replaced by section 6 of article XIII of the Illinois constitution of 1970 (Ill. Const. 1970, art. XIII, §6). However, we

conclude that irrespective of this new constitutional provision that the reasoning and holding in *Westlake Hospital Association* is still applicable to the facts in the case at bar.

The statute referred to in *Westlake Hospital Association* is the General Not for Profit Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 163a *et seq.*). Section 15 of the Act provides as follows:

> "The right of the members, or any class or classes of members, to vote may be limited, enlarged or denied to the extent specified in the articles of incorporation or the by-laws. * * *
>
> A member may vote in person or, unless the articles of incorporation or the by-laws otherwise provide, by proxy executed in writing by the member or by his duly authorized attorney-in-fact. * * *" Ill. Rev. Stat. 1975, ch. 32, par. 163a14.

■■ We conclude that the Board of Directors in the instant case alone had the power to amend the bylaws at all times in this litigation, and it had the right to amend the bylaws to disallow proxy voting and to limit the members' vote. Further, it had the right to amend the bylaws to provide for a self-perpetuating directorate. *Westlake Hospital Association*, at 195.

No matter how sympathetic we may be with the members in this proceeding, or how well intentioned their actions may be, we feel that we must concur with the conclusion of our supreme court in the *Westlake Hospital Association* case that the wisdom and desirability of a co-optating or self-perpetuating board of directors for a charitable corporation is a question which should be addressed to the legislature and not to the court. (*Westlake Hospital Association*, at 196.) It is also to be noted that in the case at bar no question of fraud has been raised or suggested in the record or briefs, and plaintiffs' counsel acknowledged the absence of same at the time of oral argument.

The plaintiff members rely in great part upon the decision of the court in *West Side Hospital v. Steele* (1st Dist. 1906), 124 Ill. App. 534. However, examination of this decision reveals clearly that it is inapposite to the case at bar since it did not involve a not-for-profit corporation; rather it involved a for-profit corporation with the ownership vested in the shareholders.

For all of the foregoing reasons, the judgment of the trial court dismissing the complaint herein is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.