LINDBERGH NORRIS *et al.*, Plaintiffs-Appellants, *v.* SOUTH SHORE CHAMBER OF COMMERCE *et al.*, Defendants-Appellees.

First District (1st Division)    No. 81-458

Opinion filed July 13, 1981.—Rehearing denied August 10, 1981.

Arthur H. Grant, of Chicago, for appellants.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (Randall E. Server, Mary F. Stafford and James W. East, Jr., of counsel), for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

The South Shore Chamber of Commerce (Chamber) is an Illinois not-for-profit corporation. On November 19, 1980, the Chamber held an election of officers. A slate was presented to the electorate by the nominating committee. A different slate was nominated from the floor. The slate nominated from the floor won the election. The losing slate (plaintiffs) challenges the election, contending the bylaws of the Chamber preclude nominations from the floor. Plaintiffs' complaint prayed for a writ of *quo warranto* and declaratory and injunctive relief. The successful slate (defendants) filed their answer to the complaint.

On February 10, 1981, the trial court heard the cause, and found no material factual controversy existed. The trial court dismissed the suit with prejudice. Plaintiffs appeal.

The pertinent portions of the bylaws of the Chamber provide:

Article IV, section 3:

"The officers shall be elected annually, by secret ballot, by a majority vote of the members present at a regular meeting in November or December of each year and installed at the regular meeting in January of the following year. The slate of new officers will be prepared by the Nominating Committee in October and in no event later than November 15 and published in the meeting notices for November or December, or both. The Nominating Committee will be comprised of three Past Presidents, provided they each be members in good standing * * *."

Article XII, section 1:

"The Robert's Rules of Order shall govern the procedure of meetings excepting where specifically in conflict with these By-laws."

Section 45 of the Robert's Rules of Order in turn provides:

*"Call by the chair for further nominations from the floor.* After the nominating committee has presented its report and before voting for the different offices takes place, the chair must call for further nominations from the floor."

■■ Determination of whether a contract or other legal document is or is not ambiguous is a question of law. (*Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 744, 365 N.E.2d 1028, and authorities there cited.) The parties hereto agree that the above language of the bylaws is unambiguous. We concur in this agreement.

As a result, it is our opinion that the intention of the parties as expressed in the above quoted bylaws must be determined solely from the language used without resort to extrinsic evidence. (*Terracom Development Group, Inc.*, 50 Ill. App. 3d 739, 744, and authorities there cited.) The parties disagree as to the interpretation of the bylaws above set forth.

Able counsel for plaintiffs urge strongly that the right of members of a not-for-profit corporation to vote for directors is not constitutionally protected. This principle is set forth in *Harris v. Board of Directors* (1977), 55 Ill. App. 3d 392, 395, 370 N.E.2d 1121, which in turn cites *Westlake Hospital Association v. Blix* (1958), 13 Ill. 2d 183, 148 N.E.2d 471, *appeal dismissed* (1958), 358 U.S. 43, 3 L. Ed. 2d 43, 79 S. Ct. 44. However, the principle is not pertinent here. The dispositive issue before us is interpretation of the bylaws of the Chamber to determine whether or not the membership is restricted to the slate proposed by the nominating committee or whether alternative nominations may legally be made from the floor.

■■ As correctly pointed out by counsel for plaintiffs, the corporate bylaws constitute a contract between the corporation and its shareholders or members. (See *Teschner v. Chicago Title & Trust Co.* (1974), 59 Ill. 2d 452, 457-58, 322 N.E.2d 54.) But, the problem is interpretation of the meaning of the bylaws before us.

Plaintiffs also cite the ancient maxim, expressio unius est exclusio alteris. In plain English, this maxim means the expression of one thing in a statute or other legal document is the exclusion of others. Plaintiffs cite *People v. Caryl* (1977), 54 Ill. App. 3d 537, 369 N.E.2d 926, and *In re Sneed* (1977), 48 Ill. App. 3d 364, 368, 363 N.E.2d 37. Plaintiffs urge that since article IV, section 3 of the bylaws above cited provides for nomination of officers by the nominating committee, this very expression

of the one method operates as an exclusion of all others. We are obliged to disagree.

In order to follow this line of reasoning, this court would be obliged to take the position that article XII, section 1 of the bylaws above cited is meaningless and superfluous. We are expressly forbidden to reach this conclusion by the teaching of *People v. Duda* (1981), 84 Ill. 2d 406, 412, 419 N.E.2d 909, where the Supreme Court of Illinois held:

> "It is axiomatic that each provision of a statute must, if possible, be given some reasonable meaning [citation] and that no word, clause, or sentence should unnecessarily be rendered meaningless or superfluous [citation]."

■■ Interpreting the bylaws with these principles in mind, article XII, section 1 above quoted specifically provides Robert's Rules of Order shall govern the procedure of meetings of the Chamber. The only stated exception is where the provisions of Robert's Rules of Order are "specifically in conflict" with the bylaws. We find no conflict between section 45 of Robert's Rules of Order and article IV, section 3 of the bylaws. The bylaws simply provide for a slate of new officers to be prepared by the nominating committee. The bylaws contain no prohibition of additional nominations. Section 45 of Robert's Rules of Order provides in clear and definite language, that after the nominating committee presents its report, "the chair must call for further nominations from the floor." We, therefore, conclude that the nomination and election of the slate of officers as above set forth was proper and regular and complied with the bylaws of the Chamber in all respects.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.