CHARLES F. ENGEL, Plaintiff in Error, *vs.* THOMAS WALSH *et al.* Defendants in Error.

*Opinion filed February 20, 1913—Rehearing denied April 4, 1913.*

1. INJUNCTION—*equity will not interfere with enforcement of rules of voluntary associations.* A court of equity will not interfere, by injunction, to control the enforcement by a voluntary association of its by-laws, rules and regulations, where the bill does not show a want of jurisdiction to discipline the member or a case of extreme unfairness and gross injustice. (*Ryan* v. *Cudahy,* 157 Ill. 108, explained.)

2. SAME—*when equity will not enjoin collection of fine by labor union.* A court of equity will not enjoin a labor union from collecting a fine inflicted upon a member for a violation of its rules where the bill does not set out the rules of the union nor show any want of jurisdiction over the member in imposing the fine.

3. SAME—*when bill for injunction must set out rules and regulations of a labor union.* Before a court of equity can take jurisdiction, in any event, of a dispute between a member of a labor union and the union over the disciplining of the member, the bill must set out the rules and regulations of the union, so that it can be seen that the member has exhausted the remedies provided by the union itself for a redress of his grievance.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

POPE, HOIG, FULLER & NICHOLS, for plaintiff in error.

CRUICE & LANGILLE, (DANIEL L. CRUICE, A. S. LANGILLE, and O. J. C. WRAY, of counsel,) for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Charles F. Engel filed a bill in the circuit court of Cook county against the Amalgamated Sheet Metal Workers' Labor Union No. 73, International Alliance, (hereinafter referred to as the union,) and Thomas Redding, president, Thomas Walsh, business agent, and other persons, officers and members of committees and boards of the union, for an injunction restraining the defendants from enforcing, or attempting to enforce, a fine which had been imposed upon the complainant by said union for an alleged violation of the rules of the union for the alleged misuse of the union label on non-union furnace stacks. Complainant having filed with his bill an affidavit that his rights would be unduly prejudiced if the injunction prayed for be not issued immediately, obtained a temporary injunction without notice. Some of the defendants appeared and filed a demurrer to the bill, both general and special. The union and Charles Shank, who is made a defendant and described as "business agent" of the union, filed an answer and a motion to dissolve the temporary injunction, but the cause was set down for hearing upon the demurrer of the other defendants, and the cause was finally disposed of on demurrer and without reference to the answer. Upon the hearing of the demurrer the same was sustained and the temporary injunction dissolved, and complainant electing to abide by his bill, it was ordered that the same be dismissed for want of

equity. The complainant below prosecuted an appeal to the Appellate Court for the First District, and that court has affirmed the decree below. Upon a petition filed for that purpose in this court, a *certiorari* has been sued out to bring the record into further review by this court. The errors assigned question the ruling of the court in sustaining the demurrer, dissolving the injunction and dismissing the bill.

Plaintiff in error's case, as stated in the bill, is as follows: He alleges that in 1910, under a contract with the Hess Warming and Ventilating Company, a corporation, he installed at Nos. 4336 and 4338 Mozart street, in the city of Chicago, four furnace stacks made of tin pipe, two in each house, and later installed for the same parties two other similar furnace stacks at No. 4340, on said street, and that the Hess Warming and Ventilating Company paid him for his services $26. The bill alleges that the stacks were manufactured and furnished to plaintiff in error by the Chicago Furnace Supply Company under an order from the Hess Warming and Ventilating Company. It is alleged that the Chicago Furnace Supply Company was then, and still is, operating a union shop, and that the Hess Warming and Ventilating Company was at that time, and still is, operating an open shop, the meaning of which is that the former company employs only union labor while the latter employs workmen without regard to the union. The bill alleges that the defendant in error the union issued a pamphlet containing a list of union shops, and that the Chicago Furnace Supply Company was on said list as a union shop. The pamphlet is made an exhibit and filed with the bill. It is charged that on the 26th of March, 1910, under the direction of the business agent (Shank) of the union a strike was called against the buildings in which plaintiff in error had installed the furnace stacks, and that the lathers who were then engaged in working on said houses ceased working; that on the 31st of March following, plaintiff in er-

ror was invited to appear before the executive board of the union to answer a charge brought against him in which he was charged with a misuse of labels on non-union furnace stacks. The bill shows that plaintiff in error appeared in obedience to the notice and a partial hearing was had upon said charge; that on the hearing plaintiff in error contended that the furnace stacks he had erected were manufactured by a union shop and that he was not guilty of the charges brought against him; that at the time of this hearing the strike against the houses in question was called off and the lathers resumed their work; that the further hearing of the charges against plaintiff in error was postponed until the eighth day of April, 1910, at which time plaintiff in error again appeared and again insisted that the Chicago Furnace Supply Company was accredited as a union shop, but the executive board found against plaintiff in error and found that the Chicago Furnace Supply Company was not a union shop and that plaintiff in error was guilty of a misuse of union labels as charged, and assessed a fine against him of $100. Plaintiff in error further alleges that no labels of any kind were, in fact, used upon said furnace stacks. The bill alleges that the said Chicago Furnace Supply Company was at the time, and still is, a union shop. It is alleged that the action of the executive board in assessing a fine against plaintiff in error had been ratified and confirmed by the union, and that said union had ordered that no more union labels be issued to plaintiff in error until said fine was paid, and that a strike would be called upon any job upon which plaintiff in error was employed unless the fine was paid. The bill alleges that defendant in error Walsh stated to plaintiff in error, after the hearing, that the fine in question was imposed because plaintiff in error had been doing work for the Hess Warming and Ventilating Company, a non-union shop. The bill alleges that plaintiff in error tendered to the union his membership dues, which the union has refused to receive, and that it also refuses

to recognize plaintiff in error as a member until he has paid the fine of $100. It is charged, in general terms, that the whole proceeding in connection with the trial and the imposing of the fine was unjust and wrong, and that the same was intended as a means of preventing plaintiff in error from working for any open shop, and particularly from being employed by the Hess Warming and Ventilating Company. It is alleged that these acts are contrary to equity and good conscience and tend to the injury and oppression of the plaintiff in error, and will cause him irreparable injury unless restrained and prevented by an injunction. The prayer is for an injunction against the union and its officers from collecting, or attempting to collect, said fine, and from in any way interfering with plaintiff in error in doing any further work, and from calling, or in any way aiding and directing, a strike against plaintiff in error because of the non-payment of said fine, and from interfering, by a strike, with his commencing and completing any work or buildings upon which he may be engaged, and from in any way carrying out or attempting to carry out any of the orders of said union against plaintiff in error by reason of the non-payment of said fine and from expelling him from membership therein, and for general relief.

From the foregoing statement, which embodies all of the material allegations of the bill, it is apparent that plaintiff in error is seeking to invoke the jurisdiction of a court of equity in a controversy that has arisen between him and the union of which he is a member. The rights, if any, which plaintiff in error is seeking to enforce are such as he has acquired by reason of his membership in the union. He seeks to retain his status as a member, with all rights incident thereto, without the payment of the fine which has been imposed upon him by the legally constituted authorities of his union. It is not charged that the hearing before the executive board was wanting in any requirement prescribed by the rules of the union. The effect of the allega-

tion on this point is that plaintiff in error was erroneously and wrongfully convicted, and he appeals to a court of equity for the purpose of having the wrong redressed. The courts have frequently been called upon to restrain voluntary associations, such as churches, lodges of various kinds, boards of trade, and the like, from expelling members for an alleged violation of some rule or regulation of the association, and in such cases this court has uniformly refused to sanction the practice of calling on a court of equity to adjust disputes arising between such associations and its members, and in the board of trade cases that have come before this court it has refused jurisdiction of the controversy on the ground that the remedy of such member, if he has any, is in a court of law. (*People* v. *Board of Trade,* 45 Ill. 112; *People* v. *Board of Trade,* 80 id. 134; *Baxter* v. *Board of Trade,* 83 id. 146; *Sturges* v. *Board of Trade,* 86 id. 441; *Board of Trade* v. *Nelson,* 162 id. 431; *Green* v. *Board of Trade,* 174 id. 585.) In *People* v. *Board of Trade,* 80 Ill. 134, on page 137, it was said: "The board of trade, so far as we can see, is only a voluntary organization, which its charter fully empowers it to govern in such mode as it may deem most advisable and proper. It has adopted its by-laws, provided a forum for their enforcement, which has acted thereunder, and the court will not interfere to control its action." In churches, lodges, labor unions, and other like voluntary associations, each person on becoming a member, either by express stipulation or by implication, agrees to abide by all rules and regulations adopted by the organization. (*Bostedo* v. *Board of Trade,* 227 Ill. 90.) Courts will not interfere to control the enforcement of by-laws of such associations, but they will be left free to enforce their own rules and regulations by such means and with such penalties as they may see proper to adopt for their government. The case presented by plaintiff in error in his bill must fall, we think, within the rule announced in the foregoing authorities.

Plaintiff in error contends that his case is distinguishable from the line of cases above referred to, and that it falls within an exception that is pointed out to the general rule in *Ryan* v. *Cudahy,* 157 Ill. 108, where this court held that in extreme cases of unfairness and gross injustice inflicted upon a member a court of equity would take jurisdiction. That was a bill for an injunction, and involved the right of a member of the Chicago Board of Trade to transact business as a member notwithstanding an order expelling him from membership, entered without jurisdiction and as a result of a proceeding conducted contrary to the rules and regulations governing the board of trade. It was pointed out in that case that the committee hearing the complaint had refused to hear proper evidence and in other respects failed to proceed in accordance with the rules adopted for the government of the body, and these facts and other irregularities showed a case of extreme hardship and gross injustice, which was admitted by the demurrer to the bill. This court, while adhering to the general rule that had been often announced that courts of equity would not interfere with the action of associations or committees appointed to settle controversies submitted to them under rules and regulations of the association, held that where it was admitted, as in that case, that the committee had acted without authority of law and contrary to the rules governing the board of trade in expelling a member, its judgment was void and might be set aside in equity. That case was distinguished in *People* v. *Order of Foresters,* 162 Ill. 78, and it was again said that courts are always reluctant to interfere with the disciplinary powers of voluntary associations, and such interference will never be justified unless the exercise of the power "has been without jurisdiction or marked by gross injustice and unfairness."

Recurring again to the averments of the bill, it will be noted that plaintiff in error has made no attempt to set out the by-laws, rules and regulations of the union, nor is it

charged, even in general language, that his trial was contrary to the prescribed procedure for such hearings. It does appear from the bill that a formal charge was lodged against him, that he had written notice of the time and place when and where a hearing would be had, and that he appeared before the executive board and participated in the hearing. He presented his side of the controversy to the board. Since it is not averred in the bill that this board was not the proper tribunal to hear the charge nor that its proceedings were contrary to the provisions of the rules of the union, it must be assumed that the hearing was before the proper authority and that the proceedings were conducted in conformity to the prescribed rules. This being true, it cannot be said that the executive board had no jurisdiction to hear said charge. Jurisdiction is by legal implication admitted by plaintiff in error. Plaintiff in error having failed to set out the by-laws and regulations of the union, we do not know whether he has exhausted all of his remedies, by appeal or otherwise, within the union. If there is a by-law permitting plaintiff in error to appeal to some reviewing body from the decision of the executive board, clearly he would have no standing, in any event, in a court of equity until he had exhausted the remedies provided by his association for the redress of his supposed grievance. The bill was clearly defective in failing to show what the by-laws and regulations of the union are, since without them no court can determine what the rights of the member are. The bill is also defective in that it fails to show a want of jurisdiction or a case of such irreparable injustice and hardship as to warrant the interposition of a court of equity.

The demurrer was properly sustained to this bill. The judgment of the Appellate Court for the First District will be affirmed.   *Judgment affirmed.*