No. 18,580.

ALEX ALLANDER, JR. *v.* CARPENTERS DISTRICT
COUNCIL OF DENVER, ETC.
(358 P. [2d] 8)

Decided December 23, 1960.

Messrs. CARLSON AND CARLSON, for plaintiff in error.

Mr. WAYNE D. WILLIAMS, Mr. HOWARD E. ERICKSON,
for defendant in error.

*In Department.*

Per Curiam.

The parties appear here in the same order as in the trial court where Alex Allander, Jr., was plaintiff and Carpenters District Council was defendant. We will refer to them as "Allander" and "District Council."

In 1951 Allander was a member of Local Union No. 2363 of the United Brotherhood of Carpenters and Joiners, and was elected the union's secretary and business agent. As compensation the union was to pay Allander a journeyman foreman's rate of pay plus $20.00 per week for expenses.

The same year a District Council was organized, consisting of a number of local unions in the Denver area. The District Council's function was to coordinate work of the affiliated unions, and its constitution provided that the business agents of affiliated locals would comprise a Board of Business Agents; that such business agents would be paid by the local unions in cooperation with the District Council.

Allander's union No. 2363 affiliated with the Council, and Allander, as business agent, became the union's representative on the Council. Thereafter he was from time to time re-elected the local's business agent and continued to serve as the local's representative to the Council. As such representative he performed certain services for the Council as directed by the President.

It appears that during the time it was a member of the Council, Local No. 2363 was unable to pay Allander's full salary and expense allowance, and the account became seriously delinquent. The Council contributed $500.00 to Local No. 2363, a part of which the Local paid to Allander on back wages. The Local billed the Council for additional sums for Allander's services, which were ignored.

While a member of the Council Allander disagreed

with officers of the Council, and a controversy arose between Allander and some members of his own Local. As a result of the latter dispute, and on March 25, 1953, certain members of Local 2363 lodged a complaint with the District Council, accusing Allander of numerous breaches of union regulations in connection with discharge of his duties.

The Constitution of the United Brotherhood of Carpenters and Joiners of America, as well as the Constitution of the District Council, provides for hearing by the District Council on such charges. Notice of hearing was given Allander and a hearing was held April 24 and 25, 1953. The record of this hearing, consisting of 248 pages, was filed as an exhibit in the trial court and became part of the record in this case. As a result of the hearing, the trial committee made findings that Allander was guilty of five of the violations charged.

On May 22, 1953, on the basis of the findings of the trial committee, the District Council imposed penalty of expulsion from the union and permanent disbarment from membership in the United Brotherhood, and assessed a fine of $1,000.00.

On May 29, 1953, following the ruling by the Council, Allander wrote a letter, in the form of an unverified petition, to the President of the United Brotherhood, seeking review of the Council's action, he therein set forth the facts of his fine and expulsion, and alleged that the trial and resulting penalty were motivated by hostility on the part of the Council President, and were unsupported by any evidence.

On June 23, 1953, the Brotherhood President wrote Allander, stating that he could not set aside the Council's action and informing Allander that the appeal would have to be submitted in verified form before it could be considered. Allander then filed a second, verified appeal, and also tendered to the General President a check for $50.00, a deposit required by the Constitution to be made with the District Council where a fine is involved.

On September 3, 1953, the General President notified the District Council of the appeal, and requested the Council's answer and a copy of the trial proceedings, with which the District Council complied.

On December 2, 1953, the General President dismissed the appeal on grounds that the appellate provisions of the Constitution had not been observed in that Allander failed to make the proper deposit with the District Council and file his appeal within the time required.

Before the appeal of the fine and expulsion order had been acted on by the General President, Allander brought an action in the Denver District Court against the District Council to recover his claim for back wages. On defendant's motion, service of process was quashed and the case lay dormant until some fifteen months after the appeal on the expulsion order had been denied. Without further proceedings within the union from the General President's decision, Allander, by a second amended complaint, incorporated in this action a second claim, being one for relief against the District Council's imposition of fine and expulsion.

Upon issues joined in the trial court the matter proceeded to trial, and upon conclusion of plaintiff's evidence, on motion of the defendant, the complaint was dismissed. The trial court found as to the first claim that plaintiff had failed to show the District Council had obligated itself to pay plaintiff's salary.

As to the second claim, viz., relief from wrongful expulsion, the court held that both the law and the constitution of the United Brotherhood required the plaintiff to exhaust his remedies within the union before applying to a civil court, and not having done so, he had no standing to invoke the aid of the courts.

■ 1. As to the first claim for back salary and expenses, it is clear that Allander's employment was by Local No. 2363. There was no showing that by any contract or agreement, express or implied, the District Council was in any way obligated to Allander for serv-

ices. Its obligation, if any, was to Local 2363. Having failed to establish a right of recovery against the Council, the claim was properly dismissed.

2. In his second claim plaintiff sought relief from the order of the Council expelling him from the union and levying a fine. Allander assigns as error the trial court's holding that he had no standing to seek the aid of a civil court, not having exhausted his remedies within the organization.

The Brotherhood here is a voluntary association in which each member consents to be governed by a constitution and prescribed rules and delegates to elected representatives, powers and responsibilities for the internal government of the union and its members. Thus membership in the union, while conferring on the member certain privileges, also binds him to an observance of its established procedures and lawful authority. This relationship is defined in *Capra v. Local Lodge No. 273, Brotherhood of Locomotive Firemen and Enginemen,* 102 Colo. 63, 76 P. (2d) 738, where we said:

"Capra, as well as other members of the brotherhood, by consent, conferred upon certain committees, officials and tribunals, the power of internal management of the lodges and the rights and working conditions of the members. The presumption is that correct and fair action was taken by the supervising authorities and tribunals, and in the absence of fraud or caprice, courts cannot interfere."

Thus a member is not at liberty to disregard his union's constitution and by-laws, ignore its lawful dictates, nor may he appeal to a court for relief until he has exhausted the appellate procedures prescribed by his organization.

With reference to appeals, the Union Constitution provides:

"Sec. 57A. A member who has a grievance or who has had an injustice done in any way * * * may appeal to the General President for redress, subject to a further

appeal to the General Executive Board, and a final appeal to the General Convention * * *."

Other provisions prescribe the form of appeal, the time within which it shall be filed and other procedural details.

Generally a member may not invoke the aid of a civil court to obtain relief from wrongful action by the union unless he has first exhausted the remedies provided within the organization. The case of *Michel v. Carpenters District Council,* 12 Ill. App. (2d) 510, 140 N.E. (2d) 299, states the rule thus:

"A member of a voluntary association necessarily agrees to the reasonable rules and regulations of the order. *Bostedo v. Chicago Board of Trade,* 227 Ill. 90, 81 N.E. 42. He must avail himself of the remedies provided by his association, before asking for equitable relief. *Engel v. Walsh,* 258 Ill. 98, 101 N.E. 222." 45 L.R.A., N.S. 353.

See also *Knauss v. Seventh-Day Adventist Association,* 117 Colo. 540, 19 P. (2d) 540.

Here Allander, being fined and expelled by the District Council, appealed to the President of the Brotherhood. His appeal was not in the form required by the union constitution, but he was given an opportunity to correct this omission by the filing of a new petition. Even then he did not comply with required procedure, having sent the deposit on account of the fine imposed to the National Headquarters, rather than to the District Council as required by the constitution. His appeal was ultimately denied by the President on the ground that the deposit was not made to the District Council and the appeal was not filed within the time prescribed.

Allander then had the burden of prosecuting his appeal to the General Executive Board or of accepting the President's decision as final. The trial court held that Allander had not shown that he had pursued all of his remedies within the union, nor a reasonable cause for his failure to do so. Failure to pursue his remedies

170

within the union, or to show reasonable cause for such failure was fatal to the plaintiff's case. *Nyland v. United Brotherhood of Carpenters,* 156 La. 604, 100 S. 733; *Sewell v. Detroit Electrical Contractors Association,* 345 Mich. 93, 75 N.W. (2d) 845.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.