29 Ill.2d 558 (1963)
194 N.E.2d 338
ARLINGTON HEIGHTS FEDERAL SAVINGS & LOAN ASSOCIATION et al., Appellants,
v.
JOSEPH E. KNIGHT, Director of Financial Institutions et al., Appellees.
No. 37973.
Supreme Court of Illinois.
Opinion filed November 26, 1963.
*559 RUSSELL & BRIDEWELL, of Chicago, (DAVID A. BRIDEWELL and ROBERT KEITH LARSON, of counsel,) for appellants.
WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellee Director of Financial Institutions.
HAROLD E. MARKS, of Chicago, (JOSEPH W. MIODUSKI and BURTON G. HIRSCH, of counsel,) for other appellees.
Judgment affirmed.
Mr. JUSTICE UNDERWOOD delivered the opinion of the court:
This direct appeal is from a judgment of the superior court of Cook County affirming the order of the Director of Financial Institutions granting a permit for the organization of Clearbrook Savings and Loan Association in Arlington Heights. While plaintiffs in the administrative review proceedings, all of whom are competing financial institutions within the nearby area, base their direct appeal upon the involvement of a franchise within section 75 (1) (a) of the Civil Practice Act, we also have jurisdiction on direct appeal pursuant to section 7-24 of the Illinois Savings and Loan Act. Ill. Rev. Stat. 1961, chap. 32, par. 864.
An application to organize Clearbrook was filed with the Director on January 21, 1962. Subsequent hearings were *560 held before a hearing officer who filed his report on August 28, and on November 2 the Director entered an order finding (1) that a need exists for an association in the area of Arlington Heights, Rolling Meadows and Elk Grove and that public convenience and advantage would be promoted by such association; (2) that the proposed management is of such character as to assure reasonable probability of success; (3) that the record fails to establish any credible evidence that establishment of the proposed association would unduly injure any existing association; and granting a permit for organization.
On December 5, Arlington Heights Federal Savings & Loan Association, Palatine Savings and Loan Association, Bank of Rolling Meadows, Wheeling Savings and Loan Association and First State Bank of Palatine, appellants herein, filed a complaint under the Administrative Review Act attacking the Director's order granting a permit. Plaintiffs' principal contentions are that the findings of the Director are against the manifest weight of the evidence, and that the Director failed to find that the proposed association could be established without undue injury to properly conducted associations in the area.
The statute expressly provides that "findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1961, chap. 110, par. 274.) Our prior decisions have uniformly held that "courts are not authorized to reweigh the evidence, and the reviewing court is limited to ascertaining if the findings and decision of an administrative agency or officer are against the manifest weight of the evidence." Cohn v. Smith, 14 Ill.2d 388 at 395; Sangamo Electric Co. v. Donnelly, 26 Ill.2d 348, 350.
The location of the proposed association, Arlington Heights, is a municipality about 23 miles northwest of the Chicago loop. It is separated from Elk Grove Village on the south by a railroad track, and the village of Rolling Meadows *561 lies to the southwest. These three municipalities constitute the territory found by the hearing officer to be the "primary area to be served" by applicant. Within this area only one savings and loan association exists although an additional association is in the process of organization in Elk Grove Village. There are two banks in Arlington Heights with assets of $17,000,000 and $5,000,000 respectively. Rolling Meadows has one bank with assets of $3,000,000 and a bank is presently being organized in Elk Grove. While plaintiffs note the existence of eleven savings and loan associations, including those above referred to, and nineteen banks, two of which are in organization, within a ten-mile radius of applicant's proposed location, we are chiefly concerned with the situation within applicant's primary service area.
The testimony before the hearing officer established that the population of Arlington Heights has grown from 9,000 persons to 32,000 persons in approximately ten years. It has been and is one of the fastest growing areas in the suburban territory. Elk Grove and Rolling Meadows have expanded from virtually no residents to villages of 13,500 and 10,000 inhabitants, respectively, within a period of five years. The Arlington Heights Association, which is the only existing savings and loan association within the primary area, has grown from assets of $100,000 in 1953 to assets approximating $21,000,000 at the time of the testimony before the hearing officer, an increase in size of some 210 times during a ten-year period. While there is much other testimony and documentary evidence in the record relating to statistical details of the area in question, we believe the foregoing illustrates the presence of sufficient evidence so that the findings of the Director as to existence of a need for the association and the fact that the public convenience and advantage will be promoted by the association in the area of operation stated in its application, cannot be said to be against the manifest weight of the evidence.
*562 Plaintiffs also contend the finding that the proposed management was such as to assure reasonable probability of the success of the association is not supported by the evidence. The record indicates that the proposed manager is an attorney experienced in real-estate matters and a resident of Arlington Heights since 1932. The proposed assistant manager was one of the organizers, a director and a vice-president of First Federal Savings and Loan Association of Morton Grove, and a commitment had been secured for a woman as clerk-teller who has had five years experience in a like position in an existing savings and loan association. There is no evidence which reflects unfavorably on the ability of these individuals. We cannot hold the Director's finding unwarranted under these circumstances.
Plaintiffs point out that a number of the banks and savings and loan associations within a ten-mile radius have idle money, and that the Arlington Heights Federal Savings & Loan Association, alone, presently has money available for mortgage borrowers in an amount of $4,000,000. They add that because of the shortage of available loans, this association has been buying mortgages and does not anticipate local demand to fully utilize its loanable funds for several years. In this connection it is noteworthy that the record also contains testimony relating to the Arlington Heights Federal Savings & Loan Association plans for expansion involving additions of 2,000 square feet to each wing of its building so as to enable it to accommodate some ten to fifteen million dollars in additional business.
Plaintiffs also point out the fact that the witnesses on behalf of applicant were individuals who were interested in the organization of the proposed association, but interest in a financial institution was a characteristic common to most of the witnesses who testified, plaintiffs' witnesses consisting mainly of individuals who were officers of, or interested in some way in existing financial institutions with which applicant would be competing if organized. In summary, *563 the testimony presented to the hearing officer upon which the order of the Director was based presents a conflict of opinion as to the need for and prospects of success in connection with a new savings and loan association. The resolution of the conflict presented by this evidence is peculiarly within the province of the administrative agency, and is not a matter to be reweighed in this forum. Sangamo Electric Co. v. Donnelly, 26 Ill.2d 348, 350; Mohler v. Department of Labor, 409 Ill. 79, 85; Outboard, Marine & Manufacturing Co. v. Gordon, 403 Ill. 523, 528.
Plaintiffs make particular objection to what they consider to be the failure of the Director to find that "such association can be established without undue injury to properly conducted existing associations" as required by section 2-4 of the Illinois Savings and Loan Act. (Ill. Rev. Stat. 1961, chap. 32, par. 724.) The finding made by the Director in this connection is that "the record fails to establish any credible evidence that the establishment of the proposed association will unduly injure any existing associations." While we agree that the phraseology of the Director's finding could be improved upon, we believe that the record does affirmatively establish that no existing association will be unduly injured. The Director need not find that no injury will occur to any existing association, but only that "undue injury" will not occur. The vice-president of the Arlington Heights Federal Savings & Loan Association, the only existing association within the primary area to be served by applicant, testified that "we are not `afraid' of another small association out there * * *" and "a new association in town would hurt our growth. It would increase competition and competition decreases the earnings ratio." While it may be conceded that some effect would be felt by this objector upon the entry of applicant into the savings and loan field, we have heretofore indicated that the Arlington Heights Association has experienced a growth approximating 210 times its original size in a period of less than ten *564 years, and some diminution of this rate of growth can hardly be classified as "undue injury". It would seem apparent that the entry of a new association into the savings and loan field would always have some effect upon existing institutions, and for us to hold that a finding equivalent to "no injury" to existing institutions is a necessary prerequisite to issuance of a permit would be to grant a monopoly to the first association in any area and thereby ignore the plain intent of the statute. The phrase "undue injury" can have been used by the General Assembly only for the purpose of indicating a prejudicial effect of a substantial nature upon an existing institution, and the record contains adequate support for the Director's finding that such is not here true.
In view of the fact that the record in our judgment establishes the fact that no undue injury will be occasioned any existing institution, we believe the language of applicant's brief is appropriate and that to remand this case solely because of the fact that the Director's finding is not phrased in identical language with the statute would be to "elevate form over substance."
The judgment of the superior court of Cook County is therefore affirmed.
Judgment affirmed.