WALTER J. MILLER, Plaintiff-Appellant, v. SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a Humana Hospital Hoffman Estates, Defendant-Appellee.

First District (5th Division)   No. 1—89—3097

Opinion filed November 27, 1991.

Gregory A. Adamski, Karen Conti, and Rohini Palit, all of Adamski & Conti, of Chicago, for appellant.

John M. Duczynski and John A. Vasko, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant hospital, Suburban Medical Center at Hoffman Estates, revoked the staff privileges of plaintiff, Dr. Walter Miller. Plaintiff filed a complaint for declaratory judgment and injunctive relief. The following day, plaintiff filed a motion seeking a temporary restraining order. That motion was denied. Defendant hospital answered the complaint but the court then ordered the case to remain pending without further hearing. Two years later, plaintiff, after a change of counsel, filed the first of three amended complaints each of which was dismissed by the trial court for failure to state a cause of action. Plaintiff opted to stand on the third-amended complaint instead of amending it further. The trial court entered a final order and plaintiff appealed. We consider whether plaintiff's third-amended complaint sufficiently alleged facts that the hospital violated its bylaws with a deliberate intention to harm the plaintiff.

We affirm.

Relevant to our disposition are the following facts as disclosed by the record. In 1979, plaintiff was granted staff privileges as a general surgeon at the defendant hospital. (After this suit was filed, Suburban Medical Center at Hoffman Estates, Inc., changed its name to Humana Hospital Hoffman Estates.) In the following years, plaintiff became the subject of the hospital's procedural review of staff physicians. A summary of that review is set forth below.

In 1982, the hospital's surgical audit committee, organized for the purpose of reviewing surgical cases resulting in complications or unexplained problems, commenced a one-year prospective review of plaintiff's cases. On the basis of the review, the surgical audit committee recommended that plaintiff's staff privileges be revoked because of a "consistent pattern of substandard care."

In March 1983, the medical staff executive committee (Executive Committee) met to consider the above recommendation. The Executive Committee decided to issue a letter of reprimand; require another year of review of plaintiff's cases by the surgical audit

committee; require plaintiff to seek consultation in all difficult surgical cases; and require plaintiff to attend a comprehensive continuing medical education course during the next six months. Plaintiff agreed.

In August 1983, plaintiff performed surgery which resulted in complications. After its review of the case, the surgical audit committee again recommended revocation of plaintiff's privileges. This time the Executive Committee adopted the recommendation. The recommendation was sent to the hospital's board of trustees for further disposition.

Plaintiff requested and was granted the appointment of a hearing committee. After its own review, the hearing committee recommended to the Executive Committee that plaintiff be continued on probation for another year and that a fully qualified surgeon assist and observe all of plaintiff's cases for that year. Plaintiff's staff privileges would be reevaluated at the end of that year. However, the Executive Committee persisted in its own recommendation that plaintiff's staff privileges be revoked. Thus, plaintiff requested and was granted another hearing by the appellate review committee appointed by and including several members of the board of trustees. Following this hearing in May 1984, the appellate review committee recommended that plaintiff's staff privileges be revoked. Acting upon the recommendations of the Executive Committee and the appellate review committee, the board of trustees voted to revoke plaintiff's staff privileges. Plaintiff was advised of this final decision by a letter dated May 30, 1984.

In June 1984, plaintiff filed his initial complaint for declaratory judgment and injunctive relief requesting that his staff privileges be restored at defendant hospital. The plaintiff also filed a motion for a temporary restraining order but, after a hearing, the court denied the motion. In July 1984, defendant hospital answered plaintiff's complaint. In November, the court ordered the case to remain pending without further hearing. The case remained dormant until April 1986, when new counsel appeared on behalf of plaintiff. Plaintiff then filed the first of three amended complaints. The third-amended complaint alleged willful, wanton, and malicious misconduct by the hospital and sought, among other things, compensatory and punitive damages. Each of the three amended complaints, including the third-amended complaint, was dismissed by the trial court for failure to state a cause of action. Plaintiff opted to stand on the third-amended complaint instead of amending it further. The trial court entered a final order and plaintiff appealed.

Opinion

■■ ■ A private hospital's decisions concerning the staff privileges of physicians are not subject to judicial review except where the action taken violates the hospital's bylaws. (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 544 N.E.2d 733.) Where a complaint alleges willful and wanton misconduct, the *Adkins* court explained:

> "To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. \* \* \*

> \* \* \* It is fundamental that facts and not conclusions are to be pleaded. If, without considering the conclusions that are pleaded, there are not sufficient allegations of fact to state a cause of action, a motion to dismiss will properly be granted, no matter how many conclusions may have been stated and regardless of whether they inform the defendant in a general way of the nature of the claim against him." (*Adkins*, 129 Ill. 2d at 518-20, 544 N.E.2d at 743-44.)

Therefore, the issue here is whether plaintiff's third-amended complaint sufficiently alleged facts that the hospital violated its bylaws with a deliberate intention to harm the plaintiff.

We see no purpose in providing a detailed paraphrase of plaintiff's 66-paragraph, third-amended complaint. We have carefully analyzed the complaint and have found an absence of factual allegations necessary to withstand a motion to dismiss.

By way of summary, we note that the record contains two copies of the hospital's bylaws, adopted in 1979 and 1983, respectively. Each is over 50 pages long containing over 15 articles with numerous sections and subsections.

Plaintiff's third-amended complaint makes 17 references to portions of the bylaws. However, 13 of these references are to entire articles or sections. Given the length of these articles and sections, we conclude that plaintiff's allegations are of such a general nature that they cannot withstand a motion to dismiss. *Adkins*, 129 Ill. 2d 497, 544 N.E.2d 733.

■■ The remaining four references, while they do refer to specific subparagraphs of the bylaws, fail to show that the hospital violated the subparagraphs with a deliberate intention to harm the plaintiff. In fact, we have closely reviewed the substance of each of

these four subparagraphs and find that plaintiff's allegations constitute mere conclusions. *Adkins*, 129 Ill. 2d 497, 544 N.E.2d 733.

We hold that plaintiff's third-amended complaint failed to allege facts that the hospital violated its bylaws with a deliberate intention to harm the plaintiff. We also find unpersuasive the additional arguments raised by plaintiff's appellate counsel in his brief and at oral arguments.

Affirmed.

GORDON and McNULTY, JJ., concur.