GARY LEE, Indiv. and as Parent and Next Friend of Ricky Lee, a Minor, Plaintiff-Appellee, v. LARRY SNYDER, Indiv. and as President of Team Illinois, *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—94—3822

Opinion filed November 27, 1996.

David J. Loughnane, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Daniel G. Wills, and Scott L. Howie, of counsel), for appellant Amateur Hockey Association of Illinois, Inc.

Lawrence Wolf Levin, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Gary Lee, individually and as parent of 12-year-old Ricky Lee, sued the Amateur Hockey Association of Illinois (AHAI) to rescind a contract, for a temporary restraining order, and for other injunctive relief. Among other rulings, the trial court found the contract had not been accepted and granted a permanent injunction in favor of the plaintiff. Defendants appeal. We reverse.

AHAI is a voluntary association that regulates amateur youth hockey in Illinois among those who choose to join its ranks. AHAI is governed by bylaws enforced by AHAI's board of directors.

AHAI created Team Illinois as a new AAA hockey team. AAA teams are at the highest skill level among AHAI teams, with the most skilled players. Some AHAI rules apply only to AAA teams, including Team Illinois. They require AAA players and their parents to sign agreements called "player cards." The player cards require an exclusive commitment. The card reads in part:

"You and your parents should be aware that the signing of this form immediately and permanently binds you to this team for the entire upcoming season and you may not play with another team with the exception of: (1) Your High School Team, (2) a registered Junior 'C' team (3) a registered House League Team."

Ricky Lee, with his parents' approval, signed a player card on July 8, 1994, to play for Team Illinois. He was named to the team roster on August 1, 1994. In mid August, Ricky asked the coach of Team Illinois to be released from the team. Plaintiff claims the request for release was based upon misrepresentations made to him about the commitments required of Ricky to play for Team Illinois. Plaintiff learned that a request to be released from Team Illinois must be made to the AHAI open committee.

On August 29, 1994, Ricky and his parents filed a grievance under the AHAI bylaws with AHAI's open committee. They asked that Ricky be removed from the Team Illinois roster. The grievance alleged that: (1) the location of Team Illinois practices and schedules created conflicts for Ricky; (2) the team's status would preclude playing better teams in the Michigan National Hockey League and in

Canada; (3) Saturday night games would interfere with Ricky's social activities; (4) the first out-of-state tournament conflicted with a personal commitment Ricky had made; and (5) Ricky's school work precluded him from participating at the AAA level.

In a letter dated August 30, 1994, the open committee recommended that Ricky fulfill his obligation to Team Illinois. The committee ruled: (1) Ricky and his parents were provided with enough information between the tryouts in April and the signing of the player card in July to make an informed decision about signing the card; (2) they had time to reconsider the commitment between July 8, 1994, and August 1, 1994, when Ricky was placed on the roster; and (3) the request to remove was filed on August 29, 1994, 28 days after Ricky was placed on the roster.

Ricky and his parents appealed to the AHAI board of directors. A hearing was held on September 6, 1994. Testimony was presented by AHAI, Gary Lee, and Hillary Lee. The Lees alleged that material misrepresentations made by Robert Ross, a recruiter for AHAI, had induced them to sign the player card and they would not have signed the card had they known the representations were untrue. The board, after reviewing the evidence and hearing arguments from the parties, concluded that the Lees had not been misinformed and refused to release Ricky from the team.

Plaintiff then filed a petition in the circuit court for a temporary restraining order and sought rescission and other injunctive relief. The complaint alleged that Ricky signed the player card based on material misrepresentations and that the player card was unenforceable because it had not been signed by a Team Illinois representative.

The court entered a temporary restraining order which read: "(1) Defendant Winnetka Hockey Club to allow Ricky to try out [for] teams in its organization and to skate with the club pending further order of court; (2) defendant AHAI is enjoined from taking any action of any kind against the Winnetka Hockey Club or Ricky."

The court subsequently held a hearing for a permanent injunction. The court then found Gary Lee, Hillary Lee, and Ricky Lee to be credible witnesses and the witnesses for the AHAI not credible. It further found that: Ricky was recruited by AHAI and Team Illinois; Team Illinois made certain representations to the Lees during the recruitment; Ricky signed an open player registration form on July 8, 1994; and the representations made to the Lees on August 13, 1994, were false. The court found that AHAI members Rob Ross and Greg Lee were unfamiliar with the rules and regulations of AHAI and their lack of knowledge contributed to the misrepresentations.

The court also found that AHAI never accepted the open player registration form because the form was not signed by Rob Ross. The court further noted that the plaintiff sought relief under the rules of AHAI and found:

> "[T]he AHAI board made a decision refusing to release the plaintiffs from the Triple A Team Illinois Commitment based upon representations made to the Board by Jim Cline, Chair of the Open Committee, that he had interviewed Greg Lee, Rob Ross and Larry Snyder and did not believe that they had lied to the plaintiff and that the Open Committee recommended against releasing the plaintiff. The Court notes that Larry Snyder is a member of the Open Committee that testified [*sic*] disqualified himself; that the decision of the Open Committee and the board of AHAI was based upon Jim Cline's hearsay statement of Larry Snyder, Greg Lee and Rob Ross' self-serving statement which were not subjected to confrontation or scrutiny of any kind by anyone except Jim Cline. The court finds that the material misrepresentations *** above were of such a type as to require the relief sought by the plaintiff."

The court then ordered:

> "Team Illinois shall remove Ricky Lee from its roster as of July 8, 1994 and the purported open player registration card is declared null and void as having being induced by misrepresentation. The court further notes that it was never accepted by Team Illinois, never signed by any representative of Team Illinois. Second: The court orders that AHAI shall remove Ricky Lee from any roster of Team Illinois or any list of Triple A players in the State of Illinois. Third: The court orders that AHAI[,] its Board of Directors and its agents shall not sanction or otherwise interfere in any way or manner whatsoever with the plaintiff or any A or Double A hockey club on which the plaintiff wishes to play, which hockey club is also willing to accept the plaintiff as a player, including but not limited to the Winnetka Hockey Club. The court further orders that AHAI[,] its Board of Directors and agents shall not sanction[,] suspend or otherwise interfere with any person who has participated in any way in this court proceeding including reference to or exercising any provisions of Article 13 but not limited to those provisions. It is so ordered."

AHAI first contends the court erred in overturning the decision of a voluntary association. We agree.

■ Voluntary associations have great discretion when conducting their internal affairs, especially when their conduct relates to the interpretation and enforcement of the association's rules and regulations. *Kendler v. Rutledge*, 78 Ill. App. 3d 312, 316, 396 N.E.2d 1309

(1979). Judicial review of an association's conduct is limited to whether the association exercised its power consistently with its own internal rules and the members' fundamental right to a fair hearing. *Kendler*, 78 Ill. App. 3d at 316. As long ago as 1913 our supreme court held:

> "In churches, lodges, labor unions, and other like voluntary associations, each person on becoming a member, either by express stipulation or by implication, agrees to abide by all rules and regulations adopted by the organization. [Citation.] Courts will not interfere to control the enforcement of by-laws of such associations, but they will be left free to enforce their own rules and regulations by such means and with such penalties as they may see proper to adopt for their government." *Engel v. Walsh*, 258 Ill. 98, 103, 101 N.E. 222 (1913).

More recently, this court, in *Proulx v. Illinois High School Ass'n*, 125 Ill. App. 3d 781, 466 N.E.2d 620 (1984), quoted with approval the following quotation from 4 Am. Jur. *Associations & Clubs* § 17, at 466 (1936):

> " ' "It is well established that courts will not interfere with the internal affairs of voluntary associations, except in such cases as fraud or lack of jurisdiction. Accordingly, it is held that mandamus will not lie to regulate the affairs of unincorporated societies or associations, at least not in the absence of a permissive statute. Nor will an injunction be granted where the association is proceeding in accordance with its rules and within the scope of its jurisdiction. The decisions of the tribunals of an association with respect to its internal affairs will, in the absence of mistake, fraud, collusion or arbitrariness, be accepted by the courts as conclusive. Moreover, it is held that the courts will not undertake to inquire into the regularity of the procedure adopted and pursued by such tribunals in reaching their conclusions." ' " *Proulx*, 125 Ill. App. 3d at 787-88, quoting *Robinson v. Illinois High School Ass'n*, 45 Ill. App. 2d 277, 284, 195 N.E.2d 38, 42, quoting 4 Am. Jur. *Associations & Clubs* § 17, at 466 (1936).

On the rare occasions when our supreme court has relaxed the rule of nonintrusion in the affairs of voluntary associations absent mistake, fraud, collusion, or arbitrariness, the court has found a substantial property, contract, or other economic right that implicates due process. See *Van Daele v. Vinci*, 51 Ill. 2d 389, 394, 282 N.E.2d 728 (1972). No such right is alleged in the pleadings, nor do we find one inferred from the nature of the case. The right to play hockey in an amateur league of voluntary participants is no more sacrosanct than the right to participate in organized high school athletics, the issue in *Proulx*.

We are aware of the elaborate and minutely governed structures that have evolved to oversee everything from preschool soccer leagues to the international monolith that is Little League baseball. Judges who recall summer pick-up games on the prairie with a lopsided ball wrapped in black friction tape and winter hockey matches with a stone for a puck on a frozen sanitary canal are probably the wrong people to exercise judicial restraint in a case such as this. The quarrels that erupt in an era when every aspect of a childhood game is encrusted with a bureaucratic rule written by an adult seem ripe for judicial intervention.

The temptation to intervene, to scold and then sermonize on the joys of childhood, with dark reference to adults who spoil the fun, is strong. It swirls up from a desire to revisit the prairie and the canal. The irony is that the same desire motivates those who volunteer to coach Little League and to form amateur hockey leagues. Seen in this light, the wisdom of *Engel*, a case from the era of the prairie and the frozen canal, becomes clear.

█ Here Ricky and Gary Lee availed themselves of the procedures, rules, and regulations of the AHAI. The dispute was initiated, examined, and resolved under AHAI's rules, which govern the parties' relationship. We find nothing in the record that suggests mistake, fraud, collusion, or arbitrariness.

The trial court finding of misrepresentations, even if evidence of fraud, was based upon the trial court's evaluation of the credibility of the witnesses before the open committee and the board of directors. Absent findings of fact that are against the manifest weight of the evidence, the credibility of witnesses and the weight to be given their testimony were within the province of the AHAI. *Arlington Heights Federal Savings & Loan Ass'n v. Knight*, 29 Ill. 2d 558, 194 N.E.2d 338 (1963) (courts may not reweigh evidence in administrative proceeding, and reviewing court is limited to ascertaining if findings and decision of administrative agency are against manifest weight of the evidence).

Without such evidence, or a finding that the AHAI did not follow its own rules or denied plaintiff the right to a fair hearing, the court should have declined to inquire into the regularity of the procedure adopted and pursued by the AHAI in reaching its conclusions. See *Proulx*, 125 Ill. App. 3d at 787-88.

The record makes clear that the trial court here ignored the cautionary language in *Proulx* and *Engel*, and not only conducted a *de novo* review of the proceedings before the governing board of the AHAI, but literally retried the case as if the AHAI proceedings had not occurred. The trial court simply substituted itself for the AHAI open committee and board of directors.

The *sua sponte* findings the court made with respect to the dispute resolution procedure of the AHAI, which prompted the permanent injunction entered by the court and its continuing jurisdiction over the parties, was not an issue raised by either party before the AHAI or the trial court, nor was the court's interpretation of the procedure necessary to the resolution of the issues before the court. But for the permanent injunction, the matter before us would be moot. With the injunction still in place, it is not.

The record supports the contentions of the defendants that the grievance procedures adopted by the AHAI in its rules and regulations were complied with and that AHAI's decision was not the result of mistake, fraud, collusion, or arbitrariness. The permanent injunction is vacated.

Vacated.

HOFFMAN, P.J., and THEIS, J., concur.