STATE EX REL. GIVENS, AS ACTING GENERAL PRESIDENT OF JOURNEYMEN STONE CUTTERS ASSOCIATION OF NORTH AMERICA *v*. MARION SUPERIOR COURT, ROOM ONE, NIBLACK, JUDGE.

[No. 29,142. Filed February 26, 1954. Rehearing denied April 5, 1954.]

*Albert Ward* and *Ward & Ward,* of Indianapolis, for relator.

*Jacobs & Noland,* of Indianapolis, for respondents.

BOBBITT, J.—This is an original action seeking a temporary and permanent writ of prohibition restraining respondents from taking further action in a matter wherein certain members of a voluntary trade union seek to enjoin the acting officers of the union from dispensing with an impending election of officers and "from issuing any ballots therefor not submitting plaintiffs' candidac(*i*)es, or those of others lawfully nominated,".

Respondents issued an order upon the verified complaint restraining the defendants (officers) from dispensing with such election, "Failing to submit the candidac(*i*)es of John McRae for General President, Emery Mann for General Vice President, or the other candidacy of any lawful nominee."

We issued a temporary writ.

Relators question the jurisdiction of the court to interfere by equity with the internal management in the election of officers of the union, and assert that the court is without jurisdiction of the subject-matter.

The election of officers of the union is governed by its constitution.[1]

1. Article XIV of the constitution (plaintiffs' exhibit "A") provides:

"Section 1. The General President, Vice-President, and General Secretary-Treasurer shall be elected by a referendum vote of the entire membership of this Association.

"Sec. 2. Members of the Executive Board shall be nominated by their respective districts and elected by a referendum vote of the entire membership.

. . . . .

"Sec. 5. A special meeting of the Locals shall be held the first Tuesday in January of election year for the purpose of nominating General Officers, Members of the Executive Board, and delegates to the A. F. of L. and the T. and L. C. conventions.

"All nominations must be sent to General Office not later than two days following the special meeting.

"6. Members who have not been in good standing for at least one year prior to May 1 of election year shall not be eligible to nomination as candidates for General Officers, or Members of the Executive Board.

. . . . .

"Sec. 7. A primary election shall be held the first Tuesday in February, in election year. The General Secretary shall provide ballots with the names of all eligible candidates; ballots to be forwarded from General Office at a date which will insure them being in the hands of the Locals not later than February 1st. The marked ballots, together with a statement of the result of the votes cast, shall be returned to General Office by the Local secretaries not later than two days after the special meeting. The two candidates for each office, or delegateship, receiving the highest number of votes in the primary election shall be the candidates voted on in the final election.

"Where only two candidates run for an office, or delegateship, the one receiving the highest number of votes in the primary election to be declared elected.

"Sec. 8. The final election shall be held the first Tuesday in March, in election year. The General Secretary shall provide ballots with the names of the candidates to be voted on; ballots to be forwarded from General Office at a date which will insure them being in the hands of the Locals not later than March 1st. The marked ballots, together with a statement of the result of the votes cast, shall be returned to General Office by the Local secretaries not later than two days after the special meeting. The candidate for each office receiving the highest number of votes in the final election shall be declared duly elected. All officers to be installed May 1, in election year, and shall serve for a term of three years.

"Sec. 9. The procedure for conducting the primary and final elections shall be according to the rules laid down in clause (d), Sec. 6, Art. XII, of this Constitution.

"Sec. 10. Only such members who are in good standing shall be entitled to vote. No member shall be permitted to vote out-

A voluntary association may, without direction or interference by the courts, for its government, adopt a constitution, by-laws, rules and regulations which will control as to all questions of discipline, or internal policy and management, and its right to interpret and administer the same is as sacred as the right to make them. 4 Am. Jur., Associations and Clubs, §6, p. 459.

As a general rule courts will not interfere to control the administration of the constitution and by-laws of such association, or to enforce rights springing therefrom. *Plemenik* v. *Prickitt* (1925), 97 N. J. Eq. 340, 127 Atl. 342, 36 A. L. R. 1527; *Kearns* v. *Howley* (1898), 188 Pa. St. 116, 41 A. 273, 68 Am. St. Rep. 852, Anno. pp. 869, 870; 7 C. J. S., Associations, §34, pp. 79, 80; 4 Am. Jur., Associations and Clubs, §17, p. 466.

The jurisdiction and power of courts of equity to issue restraining orders is limited to the protection of civil and property rights. *State ex rel. Smith* v. *Delaware Cir. Ct.* (1952), 231 Ind. 173, 108 N. E. 2d 58, 60; *State ex rel. A. B. C.* v. *Sup. Ct. Vanderburgh Co.* (1951), 229 Ind. 483, 99 N. E. 2d 247; *State ex rel.* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. 2d 149.

Hence, the trial court here is without jurisdiction to grant the relief sought unless plaintiffs' complaint is based upon, and seeks the protection of, some civil or property right.

Plaintiffs here seek by injunctive relief to force the holding of an election of officers of an association and

side the special meeting of the Local where the election is being held.

. . . . .

"Sec. 12. Any member, or any Local, violating any of the referendum clauses shall be assessed the sum of one hundred dollars; the votes of such Locals to be declared void."

Omitted sections have no application to the election herein involved.

the submission of their names as candidates at such election. The duty sought to be enforced is not one prescribed by the laws of the State of Indiana, but is one enjoined only by the constitution of the association (union).

The power to hold an election is political and not judicial, and equity has no jurisdiction to restrain officers from the exercise of such powers or to compel their exercise. *State ex rel. Coffin* v. *Superior Court* (1925), 196 Ind. 614, 626, 149 N. E. 174; *Engel* v. *Walsh* (1913), 258 Ill. 98, 101 N. E. 222, 45 L. R. A. N. S. 353; *Harris* v. *Schryock* (1876), 82 Ill. 119, 122.

Any attempt by the courts to compel the officers of the union to perform their duties pertaining to the election of officers, which duties are enjoined solely by the constitution of the union, would be an unlawful interference with, and a regulation of, its internal affairs.

When plaintiffs, McRae and Mann, became members of the union they became so upon the conditions set forth in its constitution and by-laws, and if dissatisfied with the administration and enforcement of such conditions they cannot invoke the power of a court of equity for such enforcement, unless their civil or property rights are invaded.

The right to vote in an election for officers of such a union is one which stems from membership therein and is one of the privileges extended by its constitution to all members in good standing.

Membership in an unincorporated association, such as the one before us, is a privilege and is neither a civil nor property right. *State ex rel.* v. *Cummins* (1908), 171 Ind. 112, 115, 85 N. E. 359, 36 L. R. A. N. S. 945; 7 C. J. S., Associations, §23, p. 56.

The right to participate in the establishment and management of the government of the union through voting for its officers and the privilege of becoming a candidate for an office therein is a political right incident to the privilege of membership. It involves no property right and since it stems wholly from the constitution of the union and not by virtue of citizenship, it is not a civil right. 14 C. J. S., Civil Rights, §1, p. 1159.

Respondents rely upon *State ex rel. Weatherholt* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510, and *Abdon* v. *Wallace* (1933), 95 Ind. App. 604, 165 N. E. 68, to support their position that the trial court has jurisdiction of the subject-matter.

The Weatherholt case (204 Ind. 673), was overruled by *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 13, 106 N. E. 2d 441.

In the Abdon case appellants, by reason of their membership, had acquired certain property rights in insurance certificates of which they were deprived by their expulsion from the union. No such conditions are present in the case at bar. None of the elements upon which the court assumed jurisdiction in that case are present in the case here, hence it lends no support to respondents' position.

Since courts of equity will not interfere with the internal affairs of an unincorporated association, unless civil or property rights are involved, and none such are here present, the trial court was without jurisdiction of the subject-matter of the action or class of case.

This court will issue writs of prohibition to restrain and confine circuit and superior courts to their lawful jurisdiction. *State ex rel. Medley* v. *Markey* (1950), 228 Ind. 299, 92 N. E. 2d 320.

The writ of prohibition heretofore issued is made permanent and the respondents are prohibited from enforcing the restraining order heretofore entered in cause No. C-2726 of said Marion Superior Court, Room 1, in which John McRae, as a member of Bedford, Indiana Local and Journeymen Stone Cutters Association of North America, and Emery Mann, as a member of Chicago Local and Journeymen Stone Cutters Association of North America, on behalf of themselves and all others similarly situated, are plaintiffs, and Paul A. Givens, as Acting General President of Journeymen Stone Cutters Association of North America, and Ed Hanneman, George Taylor, Fred S. Lander, Charles F. Doyle, and Frank Hall, as members of the Executive Board of Journeymen Stone Cutters Association of North America, are defendants; and respondents are prohibited from making any further orders or entries in said cause, except to dissolve said restraining order and dismiss the said action.

Draper, C. J., Emmert, Flanagan, and Gilkison, JJ., concur.

NOTE.—Reported in 117 N. E. 2d 553.