Jasper Lee Robinson, Plaintiff-Appellee, v. Illinois High School Association, et al., Defendants-Appellants.

Gen. No. 11,784.

Second District, First Division.

December 31, 1963.

Poust & Bulkeley, of Chicago, and Maynard & Maynard, of Rockford (John G. Poust, James F. Maynard and Jerome N. Groark, of counsel), for appellants.

Reese and Schlueter, of Rockford (B. P. Reese, Jr., of counsel), for appellee.

DOVE, J.

Jasper Lee Robinson, a student at Auburn Senior High School in Rockford, filed, on December 15, 1962, his two-count complaint in the Circuit Court of Winnebago County against the Illinois High School Association, its officers and directors, and the Board of Education of School District 205, Winnebago County. The first count prayed for an order restraining the defendants, (1) from preventing plaintiff from competing in athletic contests of Auburn Senior High

School; (2) from declaring him, ineligible to compete in further athletic competitions at said high school after December 10, 1962; and (3) from refusing to recognize the birth date of plaintiff as being December 24, 1943.

The second count of the complaint prayed that a writ of mandamus issue against the defendants, commanding them to declare plaintiff eligible, under Article 1 of Section 9 of the bylaws of the Illinois High School Association, to represent Auburn Senior High School in any athletic contest in which said high school may desire to compete as a member of said Illinois High School Association.

On December 19 and December 21, 1962, separate answers were filed by the several defendants and also a counterclaim. The issues made by the pleadings were heard by the Court, resulting in a finding and decree establishing the date of plaintiff's birth as December 24, 1943, and enjoining the defendants from failing or refusing to recognize December 24, 1943, as the birth date of plaintiff, and from failing or refusing to declare plaintiff eligible, under the rules of the Illinois High School Association, pertaining to age, to compete in interscholastic activities at Auburn Senior High School until April 10, 1963, and from refusing to accord him all the rights, duties and privileges in connection therewith. To reverse this decree the defendants appeal.

The record discloses that the Illinois High School Association is an organization comprised of approximately 734 high schools in Illinois; that plaintiff is a student at Auburn Senior High School, which is a member of this association, and is governed and controlled by the Board of Education in and for School District No. 205 of the City of Rockford; that under the rules of said Association, if Jasper Lee Robinson's 19th birthday was on December 24, 1962, he is eligible

278

to participate in interscholastic athletics at Auburn Senior High School until April 10, 1963, but if he became 19 years of age on or before December 10, 1962, he became ineligible on December 11, 1962; that under this rule the Board of Education for School District No. 205 declared plaintiff ineligible, and he was not permitted to participate in interscholastic activities at Auburn Senior High School.

Counsel for appellee state that the sole issue in this case is the age of Jasper Lee Robinson; that there is evidence in the record which sustains the decree of the trial court, and therefore the decree should be affirmed.

The theory of counsel for appellants is that after three hearings the Board of Directors of the Illinois High School Association found that Jasper Lee Robinson was, under its constitution, bylaws, and rules, ineligible to compete in interscholastic athletic contests; that this determination, in the absence of fraud, or capricious conduct, is valid, having been made in accordance with its constitution and bylaws; that the trial court substituted its finding on the issue of plaintiff's age for that of the association, notwithstanding, the evidence upon the instant hearing discloses that the decision of the association was not arbitrary, fraudulent, collusive, or capricious and based upon competent evidence.

In disposing of the case, the learned trial court stated that the question presented for its determination was whether plaintiff was, or was not, eligible to play basketball on the team of Auburn Senior High School of Rockford, and that under the rules and regulations of the Illinois High School Association, if plaintiff's birthday occurred on December 24, 1962, he would be eligible to play basketball until April 10, 1963, and ineligible thereafter.

The court then stated that it "did not intimate or wish to be understood as intimating that the Association made a wilful mistake or acted wrongly or improperly. A review and consideration of the evidence before the court will demonstrate there was much uncertainty even as to the year of birth. For instance, his present Illinois driver's license shows his age as one year older than that contended by him. The Association should not properly certify a player as to age unless and until it is thoroughly satisfied with the proof of age." The court then referred to the testimony of the father and to the testimony of two sisters of the father, all of whom testified that plaintiff was born on December 24, 1943, and held that plaintiff was entitled to an order and a decree establishing the date of his birth as December 24, 1943.

The trial court's statement that the evidence demonstrates that there is much uncertainty even as to the year of plaintiff's birth finds abundant support in the record. The original certificate of birth was signed by Azzie Turner, grandmother of plaintiff, and Mrs. P. V. Neese. They certified that plaintiff was born at the hour of six a. m., 12–2–43, and the date the certificate bears is 7–28–44. On October 18, 1962, the date on this certificate of plaintiff's birth was changed from 12–2–43 to 12–24–43, the change on the original record in Union County Arkansas being made solely upon the affidavit of Willie Robinson, father of the plaintiff. The record shows that this amendment was made October 10, 1962.

Harold Nelson testified that he was the principal of the Auburn Senior High School; that in 1956 the original birth certificate was used to correct the school records so that they disclosed plaintiff's birth date was December 2, 1943.

Ross Fairchild testified that he was and had been for nine years the Superintendent of Lincoln Park

School District and had charge of, and brought with him, school records pertaining to plaintiff. He further testified that a student is asked the date of his birth, and the progressive school register, which this witness produced, indicated thereon that the date of plaintiff's birth was December 24, 1942.

Harold Moyer testified that he was and had been for eleven years Executive Director of the Kenrock Community Center and the records he produced upon the hearing indicate that plaintiff gave December 9, 1942, and also December 24, 1944, as his birth date.

John Wyeth testified that he was and had been for two and one-half years principal of the Auburn Senior High School; that plaintiff enrolled in that school on September 8, 1960; that he received the original birth certificate of plaintiff from plaintiff and produced, on the hearing, a photostat thereof. This witness testified as to certain correspondence he had had with the United States Department of the Navy as to what the Navy records showed as to the date of plaintiff's birth. Counsel for defendants, in answer to a query by the court whether there was a certificate by the Navy Department, stated that there was no certified copies of the records but that they were using the letter by agreement in order to expedite the case, and it was stipulated by counsel that the name of the father of the plaintiff appeared in the records of the Navy under the name "Robeson." The letters which were received in evidence state that the Navy records show that "Jasper Lee Robinson, son of Willie Robeson, was born on December 24, 1942." Counsel for plaintiff then stated that plaintiff refused to stipulate that December 24, 1942, was the date of plaintiff's birth, but plaintiff did admit that the letters so stated.

Certified copies of three Arkansas census blanks for the years 1950, 1952 and 1954 were offered in evidence. These were signed by plaintiff's father and

indicate that plaintiff was born December 9, 1940, and that plaintiff's father was born November 23, 1943.

A certified copy of the application of the plaintiff for a driver's license, signed by plaintiff, was offered and admitted in evidence. This application states that the date of his birth is December 24, 1942. This driver's license was issued June 20, 1961, and its expiration date is December 24, 1964.

The Constitution of the Illinois High School Association provides:

> "The officers and members of the Board of Directors of Illinois High School Association are hereby authorized to exercise all powers and duties expressed or implied in this constitution and bylaws, and to act as an administrative board in the interpretation of, and final decision on, all questions arising from the directing of interscholastic activities in member schools.
>
> "This Association, through the employment of the instrumentalities hereinafter set up, shall, (a) supervise and control all of the interscholastic activities in which its member schools may engage; and, (b) perform such other educational functions as may from time to time be approved and adopted by the membership.
>
> "The Board of Directors shall constitute a Board of Appeals which shall hear all complaints, decide protests, and interpret the constitution and bylaws. The decision of the Board shall be final."

Section 9 of Article I of the bylaws of the Association provides:

> "To represent a school in any athletic contest a student must be eligible under the following rules: He shall not have reached his nineteenth birthday except that, (a) if his nineteenth birthday occurs

282

on or after August 25 but before December 11th, he shall become ineligible on December 10th; (b) if his nineteenth birthday occurs on or after December 11th but before April 11th, he shall become ineligible on April 10th; or, (c) if his nineteenth birthday occurs on or after April 11, he may retain his eligibility for the remainder of the school year."

The same bylaw poses this question: "What is accepted as evidence as to the date of birth?" and the bylaw answers: "The best evidence is a birth certificate filed near the time of birth. In case such evidence is not available, it is usually customary to accept grade school records. In case these are at variance, it is customary to use the earliest date. Original records of attending physician, baptismal records and entries in family Bibles, if made near the time of birth, are good evidence, but statements or affidavits made by 'friends', or even parents, fifteen or more years after birth and based on memory are not acceptable if opposed by contrary written records."

From the pleadings and evidence it appears that the authorities of Auburn Senior High School determined that plaintiff was ineligible to compete in interscholastic athletic contests according to the constitution rules and bylaws of the Illinois High School Association and plaintiff was advised of this determination, as was the Illinois High School Association. This Association then conducted three hearings and, after reviewing the evidence, held that the plaintiff was ineligible to participate in interscholastic athletic contests because he had passed his nineteenth birthday before December 11, 1962.

It is conceded that the Illinois High School Association is a voluntary association and the trial court found, and there is no evidence to the contrary, that the Association proceeded in accordance with its con-

stitution, bylaws and rules, and its determination that plaintiff had passed his nineteenth birthday before December 11, 1962, is supported by evidence found in this record.

"It is well established that courts will not interfere with the internal affairs of voluntary associations, except in such cases as fraud or lack of jurisdiction. Accordingly, it is held that mandamus will not lie to regulate the affairs of unincorporated societies or associations, at least not in the absence of a permissive statute. Nor will an injunction be granted where the association is proceeding in accordance with its rules and within the scope of its jurisdiction. The decisions of the tribunals of an association with respect to its internal affairs will, in the absence of mistake, fraud, collusion or arbitrariness, be accepted by the courts as conclusive. Moreover, it is held that the courts will not undertake to inquire into the regularity of the procedure adopted and pursued by such tribunals in reaching their conclusions." (4 Am Jur, Associations and Clubs, sec 17, p 466.) "The decisions of any kind of voluntary society or association in disciplining, suspending, or expelling members are of a quasi-judicial character. In such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land." (4 Am Jur, Associations and Clubs, sec 27, p 472.)

In State of Indiana on the relation of the Indiana High School Athletic Association v. Lawrence Circuit Court, 240 Ind 114, 162 NE2d 250, it appeared that an action was brought in the Circuit Court of Jackson County by two boys 14 and 16 years of age who were students in the Shields High School of Seymour, Indiana. The proceeding sought to enjoin members of the

Indiana High School Athletic Association from enforcing any of its orders, rules or restrictions, declaring plaintiffs ineligible from playing on the basketball team representing Shields High School in contests with other member schools of the athletic association. The Circuit Court issued such an injunction. Thereupon the defendants in the injunction proceeding brought an original action in the Supreme Court of Indiana for a Writ of Prohibition, prohibiting the plaintiffs in the original proceeding from taking any further action in the Circuit Court.

In holding that the Circuit Court was without jurisdiction to entertain the injunction proceeding, the Supreme Court, in the course of its opinion, said: "It is not disputed that the Indiana High School Athletic Association is a voluntary unincorporated association composed of some 752 public, parochial and private schools within the State of Indiana, for the purpose of setting up uniform rules and regulations pertaining to athletic competition between member schools. That such rules and regulations are to promote the ideals which the members espouse in relation to athletic competition, including those of strict amateur status of all persons whom the member schools choose to represent them. That the membership of Shields High School in said athletic association is contingent upon its compact with the other member schools to abide by the rules of the association and the actions of its officers and representatives pursuant thereto."

"The crux of the controversy in this case," continued the court, "is whether plaintiffs' right to go to public school, to-wit, Shields High School, and receive education and training, includes such activities as 'interscholastic' sports or games, viz.: interschool basketball, as may be engaged in between picked teams of the 750 public, private and parochial schools embraced within the membership of relator, Athletic

Association." The court then cited Morrison v. Roberts, 183 Okla 359, 82 P2d 1023; Sult v. Gilbert, 148 Fla 31, 3 So2d 729; State of North Dakota v. North Central Ass'n, 23 F Supp 694, 99 F2d 697; Engel v. Walsh, 258 Ill 98, 101 NE 222, 45 LRA (NS) 353; Bostedo v. Board of Trade, 227 Ill 90, 81 NE 42, and other cases.

The court stated that the right of the plaintiffs in the Circuit Court proceeding, to go to the public schools and receive education and training cannot properly be said to include interschool basketball as may be engaged in between picked teams of the various schools constituting the membership of the Indiana High School Athletic Association. The court then cited State ex rel. Ohio High School Athletic Ass'n v. Judges of the Court of Common Pleas of Stark County, 173 Ohio St 239, 183 NE2d 261, and State ex rel. Givens v. Superior Court of Marion County, 233 Ind 235, 117 NE2d 553, and concluded that the Indiana High School Athletic Association is entitled to enforce its rules and orders against Shields High School without interference by the courts.

In the instant case there is no evidence of fraud, collusion or that the defendants acted unreasonably, arbitrarily, or capriciously. A determination of the ineligibility of plaintiff to play interschool basketball was made by those in whom the constitution, bylaws, and rules of the Illinois High School Association vested the power and duty to make that determination.

In the absence of any evidence of fraud or collusion, or that the defendants acted unreasonably, arbitrarily, or capriciously, the Athletic Association must be, under the authorities cited, permitted to enforce its rules and orders without interference by the courts.

It has been suggested that the question presented for determination by this record is now moot and that the appeal should be dismissed. Auburn Senior High

School may have won games which it would not have won had it not used an ineligible player, and for this, and other considerations, we concluded that the merits of this controversy should be determined.

The decree appealed from is reversed and the cause remanded to the Circuit Court of Winnebago County, with directions to enter an order dismissing the complaint.

Decree reversed and cause remanded with directions.

McNEAL, P. J. and SMITH, J., concur.