OKLAHOMA SECONDARY SCHOOL ACTIVITIES ASSOCIATION, and Leo Higbie, Executive Secretary, Appellants,

v.

Reginald Calvin MIDGET, an infant by Mrs. Donna Midget, his mother and next friend, et al., Appellees.

No. 46177.

Supreme Court of Oklahoma.

Nov. 30, 1972.

Rehearing Denied Dec. 1, 1972.

Claude Monnet, K. Nicholas Wilson, Oklahoma City, for appellants.

James O. Goodwin, Tulsa, for appellees, Reginald Calvin Midget, Theodore Roosevelt Rice, Ronald Gilliam and Julius Pegues.

David L. Fist, Tulsa, for appellees, Board of Education, Independent School Dist. No. One, Tulsa, Okl., H. J. Green and James L. Smith.

A. Camp Bonds, Muskogee, for appellees, Board of Education, Independent School Dist. No. Twenty, Muskogee, Okl., Glenn N. Smith and Frank Tillery.

BY THE JUSTICES:

Due to the necessity for an early decision in this case, so that the State Four A Football Semi-Final Playoff game can be played without further delay, the Court scheduled immediate oral arguments. After a lengthy hearing of the parties in open court, the Court finds that a decision should be entered instanter.

Kenneth Williams, one of the football players used by the Booker T. Washington High School of Tulsa, during the current football season, was ineligible to play football for Booker T. Washington High School under the rules adopted by the Principals of the Tulsa Independent School District. Tulsa Washington is in the Tulsa Independent School District and is a member of the Oklahoma Secondary School Activities Association.

It is uncontroverted that the Principals of the Tulsa School District passed the following rule concerning eligibility: "Students may transfer from a school where his race is in the majority to a school where his race is in the minority and be eligible for athletics. A student who transfers from his home school to another school under the majority to minority ("M to M") regulation is eligible to participate

in athletics in only the school to which he has been transferred. *Should he return to his home school or transfer to another school, he must attend that school for two semesters to establish eligibility.*" (Emphasis added.)

Tulsa Washington, a school within the Tulsa School District, had apparently won all four games in its district, and was therefore entitled to play against Tulsa Hale in the State Four A Football Semi-Finals. It was then brought to the attention of the Tulsa Washington Principal, who relayed the information to the Association, that an ineligible player had been used. It is uncontroverted that Kenneth Williams played football at Tulsa Washington in the fall of 1971, then transferred to Tulsa McClain under the "M to M" policy in the spring of 1972, where he participated in tennis and track, and then returned to Tulsa Washington, where he again participated in football in the fall of 1972.

The Rules of Oklahoma Secondary School Activities Association (Rule 14, § 8) provide that any game in which an ineligible player is used shall be forfeited. If an ineligible player had not been used by Tulsa Washington, it would have been entitled to participate in the District Four A Semi-Final Playoffs. Based upon a protest and finding that an incligible player had been used by Tulsa Washington, the Association, by its Executive Secretary, Leo Higbie, declared that Tulsa Washington would not be entitled to participate in the District Four A Semi-Final Playoffs. Thereafter, at a special meeting of the Board of Directors of the Association, after a review of the case, it was the Board's decision that "since it was clearly established during the hearing that Kenneth Williams did indeed violate the special transfer regulation adopted by the Principals of the Tulsa Independent District, that Kenneth should be declared ineligible and all games in which he participated shall be and are hereby declared forfeited."

On November 24, 1972, a proceeding was commenced in the District Court of Tulsa County, Oklahoma, Case No. C–72–3139, against certain named defendants seeking an order restraining the defendants and each of them from interfering in any manner with the scheduled football contest between Tulsa Hale and Tulsa Washington. Neither Kenneth Williams, the ineligible player, nor Tulsa Washington were parties in that action and are not parties to this appeal. Plaintiffs, in that proceeding, also sought a permanent injunction.

On November 24, 1972, the District Court of Tulsa County ordered that plaintiffs' application for temporary and permanent injunction be set for hearing on November 25, 1972. On hearing, the District Court entered its order permanently enjoining the defendants in Case No. C–72–3139, supra, from interfering in any manner with the football contest between Tulsa Hale and Tulsa Washington. The Oklahoma Secondary School Activities Association and Leo Higbie, the Executive Secretary of the Association, and others, were defendants in that action.

In this proceeding, Appellants seek an order of this Court vacating the permanent injunction ordered by the District Court of Tulsa County on November 25, 1972.

■ Where, as here, an action or decision of a voluntary association forfeiting football games and declaring different winners among its membership is questioned, the courts do not interfere, except to ascertain whether or not the proceeding was pursuant to the rules and laws of the association, whether or not the proceeding was in good faith, and whether or not there was anything in the proceedings in violation of the law of the land. See Robinson v. Illinois High School Association, 45 Ill. App.2d 277, 195 N.E.2d 38, cert. den. 379 U.S. 960, 85 S.Ct. 647, 13 L.Ed.2d 555, reh. den. 380 U.S. 946, 85 S.Ct. 1022, 13 L.Ed. 2d 966, and the authorities cited therein; 6 Am.Jur.2d, Associations and Clubs, § 37.

■ Appellees, plaintiffs in the trial court, contend that the forfeiture proceeding was not pursuant to the rules and that the provision relied upon for forfeiture

was in violation of the laws of the land. It is admitted by the appellants, defendants below, that they did not have a meeting of the Board, as required by their constitution, before its Executive Secretary, Leo Higbie, announced the forfeitures. However, it was admitted by the Appellees that the Principal of Tulsa Washington High School personally notified the Executive Secretary of the Association that Tulsa Washington had played an ineligible player in its football games. That said player was ineligible under the rules enacted by the Principals of the High Schools of Tulsa Independent School District Number One. On the strength of that information, by authority of Rule 14, § 8, supra, the said Secretary declared all of the games which Tulsa Washington played forfeited. When a question was raised about the lack of Board action, the Appellants' Board of Directors met and formally declared the forfeiture as outlined above. We do not believe that this procedure violated any of the Appellees' rights, particularly in view of the fact that the Principal of Tulsa Washington High School gave the initial information about the rule violation to Appellant's Executive Secretary. As previously stated, neither the ineligible player, Kenneth Williams, nor Tulsa Washington sought relief in the trial court and they are not parties to this appeal.

Appellees further contend that the spirit of the integration order of the Federal District Court was violated by the provision for a penalty if the majority to minority transferring student later decided to return to his home school. The order of the Federal District Court provided that said majority to minority transferring student shall have the opportunity to participate in all activities in the new school, including eligibility for competitive athletics. We are not here considering his athletic participation in the *new* school, but concerned with his eligibility on return to his home school. The Federal Court order did not refer to this contingency in any way. This clearly evidences the fact that the Federal Court did not intend to further extend athletic el-

igibility in the event of other transfers. Thus, not interfering unnecessarily with the Association's policy of maintaining stability among its student athletes. It is obvious that the Principals of the Tulsa High Schools who enacted the said rule felt that the rule was necessary in order to maintain the integrity of their athletic program. The good faith of the Principals in enacting this rule is not questioned.

We find that the Appellees (plaintiffs below) have not shown themselves to be entitled to an injunction and that their prayer for relief should have been denied by the trial court. We therefore vacate the order granting the permanent injunction.

DAVISON, V. C. J., and WILLIAMS, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

### ON REHEARING

Appellees, Plaintiffs in the trial court, have filed their Petition for Rehearing, seeking to have this Court reconsider, vacate, and hold for naught this Court's ruling entered November 30, 1972, which ruling dissolved an injunction entered by the trial court.

In denying this Petition for Rehearing, this Court re-adopts its order previously entered herein, and, in addition, directs the attention of all interested parties to the fundamental issue of judicial interference with the inherent right of an unincorporated association to discipline the voluntary members of that association who have breached a rule of the association.

Looking first to general authority, we find the following language at 6 Am.Jur.2d § 37, pages 466, 467:

"With regard to associations, societies, and clubs generally, the trial or hearing before the tribunal or officers of the organization is judicial or quasi-judicial in nature, and a court will not re-try the case upon the facts or determine, as a matter of its own judgment, whether the member should have been suspended or expelled, but will limit its interference to

certain other grounds. In such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and laws of the organization, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the law of the land. If it is found that the proceeding was had fairly, in good faith, and pursuant to the laws of the organization, and that there was nothing in it in violation of the law of the land, the decision is conclusive. * * *."

No case from this jurisdiction has been cited by any party construing this rule, nor has this Court been able to find such a case in this jurisdiction.

However, dealing directly with the issue of judicial interference with the rulings of an unincorporated association, such as The Oklahoma Secondary School Activities Association, to discipline or suspend its members we find the case of State ex rel. Ohio High School Athletic Ass'n et al. v. Judges of Court of Common Pleas of Stark County, 173 Ohio St. 239, 181 N.E.2d 261 (1962) Syllabus Number Three by the Court, as follows:

"The Ohio High School Athletic Association is an unincorporated association, and the decisions of the tribunals of such association with respect to its internal affairs will, in the absence of mistake, fraud, collusion or arbitrariness, be accepted by the courts as conclusive."

Also, in the body of the opinion, we find the following language:

"In jurisdictions outside Ohio, several cases involving the same factual pattern and this same question of law as in the instant case have followed this rule. State ex rel. Indiana High School Athletic Ass'n. v. Lawrence County Circuit Court of Lawrence County, Indiana (1959) 240 Ind. 114, 162 N.E.2d 250, is a case on all fours. Other cases which follow this rule of law are State ex rel. Givens v. Marion Superior Court (1954), 233 Ind. 235, 117 N.E.2d 553; Morrison v. Roberts (1938), 183 Okl. 359, 82 P.2d 1023; Sult v. Gilbert (1941), 148 Fla. 31, 3 So.2d 729; State of North Dakota by Langer v. North Central Ass'n of Colleges and Secondary Schools (1938), D. C., 23 F.Supp. 694."

Also, in Robinson v. Illinois High School Association, 45 Ill.App.2d 277, 195 N.E.2d 38, at page 43 (1963) we find this language:

"In the instant case there is no evidence of fraud, collusion, or that the defendants acted unreasonably, arbitrarily, or capriciously. A determination of the ineligibility of plaintiff to play interschool basketball was made by those in whom the constitution, by-laws, and rules of the Illinois High School Association vested the power and duty to make that determination.

"In the absence of any evidence of fraud or collusion, or that the defendants acted unreasonably, arbitrarily, or capriciously, the Athletic Association must be, under the authorities cited, permitted to enforce its rules and orders without interference by the courts."

There is absolutely nothing before this Court to indicate fraud, collusion, or action by appellants that could be found to be unreasonable, arbitrary, or capricious.

This is especially true since neither the athlete found by the Appellant Association to be ineligible, under the rules adopted by the principles of Independent School District #1, nor Tulsa Washington High School, who has to forfeit their football wins gained during the 1972 season, have ever sought relief in the trial court, nor are they before this Court seeking relief.

It therefore follows the Petition for Rehearing must be, and the same is, hereby denied.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, and SIMMS, JJ., concur.