SCHOOLS
Rule 1, Section 1, of the Rules and Regulations of the Okla homa Secondary School Activities Association, which rule places an age restriction on a student's eligibility for senior high school athletics, is a lawful rule as adopted and approved by the member schools of the Association. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "Is Rule 1, Section 1, of the rules and regulations of the Oklahoma Secondary School Activities Association, which places an age restriction on a student's eligibility for senior high school athletics, a valid and lawful rule?" The Oklahoma Secondary School Activities Association is a voluntary association established for the primary purpose of providing effective coordination, leadership, supervision, and regulation for secondary school activities, including the program of interscholastic activities and contests in which its member schools may participate, and to perform other educational functions as may be approved and adopted by the Association Board of Directors and membership. Membership in this Association is open to all schools which are under the general supervision and direction of the various district boards of education, as well as certain designated educational institutions. Refer generally, Oklahoma Secondary School Activities Association Yearbook, Constitution, Articles II and III. For a school to become a member of this Association, such school is required to file with the Association a resolution adopted by the board of education of the district authorizing such membership and directing the administrative head of the school to comply with the rules, regulations, and requirements of the association. Association, Constitution, Article III, Supra. It may be generally stated that the rule-making authority of the association is vested in the various members of the Association, acting directly or through its elected Board of Directors. The Association rule concerned herein is provided under the heading "Rules Governing Interscholastic Athletics in Senior High School." Under this heading, Rule 1, Section 1, provides: "Any student who reaches his nineteenth birthday before September 1 will not be eligible." Your question expresses concern for the legality of this rule due to its apparent arbitrary or discriminatory character. The general rule of law applicable to this question is, as stated in 6 Am.Jur.2d "Associations and Clubs," Section 6: "Constitutional provisions, bylaws, rules, and regulations of voluntary associations will be deemed to be valid and binding upon members consenting thereto so long as they are not immoral, unreasonable, contrary to public policy, or in contravention of the law of the land. Members may adopt and enforce any just, fair, and reasonable rules and regulations that may be needed to promote harmony among themselves and advance the best interest of the association, although the effect may be to limit the freedom of action that they would enjoy if they were not connected with the association." The Supreme Court of the State of Oklahoma has generally recognized the legal relationship between this association and the local schools, and also, the general validity of its internal rules, regulations and actions. Oklahoma Secondary School Activities Association v. Midget, Okl., 505 P.2d 175
(1972). With regard to specific association rules and regulations, one decision of the Oklahoma Supreme Court appears to express acceptance of the general rule above-noted. In the case of Morrison v. Roberts,183 Okl. 359, 82 P.2d 1023 (1938), an action was brought attacking the legality of the association's ruling of a student's ineligibility pursuant to an association rule which prohibited the acceptance of certain awards by a player. In this case, the Court noted the existence of many various rules and regulations of the association pertaining to high school athletics, one of which provided that a player, to be eligible to participate on the competitive football teams, must be under twenty-one years of age. In making reference to such rules and regulations, the Court made the following statement: "If it be said that the rule involved and the fixed penalty is arbitrary, that may be so. And one unskilled in such matters might see no logic in or necessity for that rule, or might think it should be or might as well be otherwise. The same might be said also as to the arbitrary rule "three strikes" retires the batter, not more nor less; or the rule that a 'touchdown' counts six points, while the 'after touchdown' counts only one point; or the rule that the 'base runner' advances if the pitcher makes a 'balk'; and the same might be said of many of the other rules of the association above referred to. Many of those rules are, in fact, arbitrary rules. They might provide otherwise or might not be there at all. But so long as the member schools want them, they are entitled to have them, and to have them construed and enforced by final action of the Board of Control as long as they want that." (82 P.2d 1025.) The Supreme Court in this case upheld the action of the Association, and in so doing, submitted the following: "But so long as these member schools . . . desire to attach all of these many conditions, limitations and restrictions on their `eligibles,' then surely they should be permitted to do it, so far as the courts are concerned. There is nothing unlawful or evil in any of those rules nor in the provision resting final authority in the Board of Control. Surely the schools themselves should know better than anyone else the rules under which they want to compete with each other in athletic events. And doubtless every one of these rules is founded upon reasons wholly satisfactory to the member schools." (82 P.2d 1025, Emphasis Added) While no Oklahoma decision can be found which specifically concerns the particular rule in question, the validity of similar rules and regulations have been recognized in other jurisdictions. The case of Robinson v. High School Association, 195 N.E. 2nd 38 (1963), involved an attack upon an association ruling of a student's ineligibility based upon an association rule which substantially provided that for a student to be eligible, he must be under the age of nineteen. The Court in this case approved the Association's determination of the ineligibility pursuant to its rule, and further noted that the Association was entitled to enforce its rules and orders against member schools without judicial interference. Based upon the authorities above-noted and in the absence of any clear authority that the subject rule violates any fundamental rights or the law of the land, it must be concluded that the subject rule, having been approved and adopted by the various school members of the Association, is lawful and enforceable through the Association. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Rule 1, Section 1, of the Rules and Regulations of the Oklahoma Secondary School Activities Association, which rule places an age restriction on a student's eligibility for senior high school athletics, is a lawful rule as adopted and approved by the member schools of the Association. (R. THOMAS LAY)