Peter Matthew MAHAN, Appellee,

v.

Calvin AGEE, Superintendent of Sulphur, Oklahoma Schools, et al., as members of the Board of Directors of Oklahoma Secondary School Activities Association, an Unincorporated Association, and Claude E. White, Executive Secretary of the Oklahoma Secondary Schools Activities Association, an Unincorporated Association, Appellants.

No. 55334.

Supreme Court of Oklahoma.

Oct. 5, 1982.

James D. Fellers, K. Nicholas Wilson, Margaret McMorrow-Love, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellants.

Andrew Wilcoxin, Jon Tom Staton, Muskogee, for appellee.

SIMMS, Justice:

The Oklahoma Secondary Schools Activities Association appeals from a judgment enjoining it, its Board of Directors, Executive Secretary and its members from interfering with Peter Mahan's participation in interscholastic track events during the spring of 1980. At that time Peter Mahan was a nineteen year old senior at Muskogee High School.[1]

The Association is a voluntary unincorporated association composed of over 490 secondary schools in Oklahoma. All public schools, including Muskogee High School, and many private and parochial schools are members. The general purpose of the Association is to coordinate, supervise and regulate the activities, including athletics, of its member schools. The Association has a constitution and extensive rules to which member schools have agreed to be bound.

Certain rules have been adopted by the Association concerning the eligibility of students to compete in various interscholastic events. In question here is Rule 1, Section 1, of the Rules Governing High School Interscholastic Athletics, which provides:

> "Any student who reaches his nineteenth birthday before September 1st will not be eligible."

The Association notified Muskogee High School in October, 1979, that Peter, a member of the track team, was ineligible under the rule to compete in interscholastic athletics as he reached the age of nineteen in July, 1979.

Peter and his parents sought a waiver from the Board. The rules of the Association do not provide for any exceptions to the rule or for waiver under any circumstances, however, and the Board denied their requests that the rule be waived for Peter.

The Mahans then instituted this action for injunctive relief against the Association in the District Court of Oklahoma County. The essence of their position was that Peter was a nineteen year old senior through no fault of his own. They asserted that he was a handicapped student, suffering from the perceptual learning disability of dyslexia and the Muskogee Schools had failed to provide him with an "appropriate" education, which would have allowed him to progress through school at a normal rate.

Peter was in the fourth grade when the Mahans moved to Muskogee and the Mahans claimed that during that year the school failed to provide him with special education and training and as a result, Peter was forced to repeat that grade. They maintain it was therefore the fault of the school system that Peter ended his school career as a nineteen year old senior.[2]

The Mahans argued that because Peter's situation resulted from a handicap and not through any fault of his own, the Board's refusal to grant a waiver of the rule was arbitrary.

After hearing, a temporary injunction against the Association was granted. Bond was fixed and posted and the Association brought this appeal.

---

1. Although Peter Mahan had graduated from high school before briefs were filed in the appeal, the issue is not moot as bond was posted pursuant to 12 O.S.1971, § 1392.

2. The Association contends that Peter had to have repeated another grade prior to the fourth

or he would have been only eighteen as a senior. There is confusion in the record as to which grade that was, but appellee more or less concedes the point that another primary grade was repeated in another school system. ·

In defense of its rule, the Association contends that the rule is reasonable and rationally related to the purposes for which it was adopted.

The member schools adopted the age eligibility rule for three primary reasons: (1) older and more mature athletes could constitute a danger to the health and safety of younger students; (2) individuals of that age are not the "usual high school athlete" as many college players are nineteen; and (3) it eliminates the possibility of "red-shirting" athletes through voluntary repetition of grades to gain advantage in competition.

The Association points out that the rule does not affect most students who repeat only one year. That in fact the rule was designed so that a student who repeated only one year, for whatever reason, would not be ineligible.

The Association contends that it was not arbitrary or unreasonable to refuse to grant Peter an exception to the application of the rule, as the reasons for the rule were not avoided by his claim of hardship.

We agree. As we stated in *Oklahoma Secondary Schools v. Midget, Okl., 505 P.2d 175 (1972),* as a general rule, in the absence of evidence of fraud or collusion, or that the Association acted unreasonably, arbitrarily or capriciously, the Association must be allowed to enforce its rules without interference by the courts. Voluntary associations, through their members, may adopt rules which govern their interaction.

In *Morrison v. Roberts, 183 Okl. 359, 82 P.2d 1023, 1025 (1938),* a leading decision in this area of law, we stated:

"These rules are subject to change if the member schools desire a change. * * * But so long as these member schools, * * desire to attach all of these many conditions, limitations, and restrictions on their 'eligibles' then surely they should be permitted to do it, so far as the courts are concerned. There is nothing unlawful or evil in any of those rules nor in the provision resting final authority in the Board of Control. Surely the schools themselves should know better than any one else the rules under which they want to compete with each other in athletic events. And doubtless every one of these rules is founded upon reasons wholly satisfactory to the member schools. And if the officials of the various high schools desire to maintain membership in the association, and to vest final rule enforcement authority in the Board of Control, then so far as affects the affairs of the association, the courts should not interfere."

So long as the members adopt rules which are reasonable, lawful and in keeping with public policy, and the governing board interprets them fairly and reasonably and enforces them uniformly and not arbitrarily, the courts will not interfere with the Association's internal affairs. See: *Morrison v. Roberts, supra; Oklahoma Secondary Schools Activities Ass'n. v. Midget, supra; Board of Regents of the University of Oklahoma v. National Collegiate Athletic Ass'n., Okl., 561 P.2d 499, 85 A.L.R.3d 953 (1977); and Mozingo v. Oklahoma Secondary Schools Activities Ass'n., Okl.App., 575 P.2d 1379 (1978),* and cases cited therein.

Clearly the 19 year old eligibility rule is reasonable and fair, and it is obviously related to the purposes it was intended to serve. The Association's position has been upheld by other courts. In *Missouri State High School Activities Ass'n. v. Schoenlaub, Mo., 507 S.W.2d 354 (1974), and Robinson v. Illinois High School Association, 45 Ill. App.2d 277, 195 N.E.2d 38, cert.den. 379 U.S. 960, 85 S.Ct. 647, 13 L.Ed.2d 555, reh. den. 380 U.S. 946, 85 S.Ct. 1022, 13 L.Ed.2d 966 (1963),* relied on by this Court in *Midget, supra,* the same age eligibility rule at issue here was challenged and upheld by the courts.

In *Schoenlaub, supra,* as in this case, the absence of a hardship exception was challenged as unreasonable. That court rejected the argument, and pointed out that permitting an athlete of more than 19 years of age to participate in contests because his might be a hardship case, would in no way diminish the dangers or other detrimental effects resulting from his participation.

We agree and also observe that the creation of a waiver provision for this eligibility rule might well be harmful to the goals of the Association and its members. For with the power to exercise discretion, comes the potential for arbitrary decisions.

 Appellee Mahan argued before the trial court that the rule was in conflict with federal law, citing the Rehabilitation Act of 1973, 29 U.S.C. § 794. We reject that argument out of hand, as we also reject appellee's effort to expand that argument by belatedly relying on the Education For All Handicapped Children Act of 1975, 20 U.S.C. § 1401, et seq. We do not find those acts controlling under the circumstances here.[3] Assuming for the purpose of argument that one of these acts might under other circumstances cover the general factual situation before us, they are still not germane here, for there has been absolutely no showing that Peter Mahan was ruled ineligible because of his dyslexia. He was ineligible because of his age. The age eligibility rule applies to every secondary school student.

Appellee was not entitled to injunctive relief. There was nothing presented to the trial court showing evidence of fraud, collusion, or action by the Association that was unreasonable, arbitrary or capricious. The trial court was in error in granting the temporary injunction.

The injunction is vacated and cause is reversed with directions to the trial court to enter judgment for Association.

REVERSED WITH DIRECTIONS.

IRWIN, C.J., BARNES, V.C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

WILSON, J., dissents.

---

**3.** This is not a suit against the Muskogee School System for failure to provide an "appropriate" education for Peter. Compare, *Hendrick Hudson Dist. Bd. of Ed. v. Rowley,* —— U.S. ——, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).